Manly, J;
 

 The provisions of the Code, chapter 31, section 50, requiring the return of all writs, process, &c., on the first day of the term, to which they are returnable, does not apply to executions or writs of fieri facias.
 

 This is apparent from a consideration of the section in all its parts, for it is further provided therein, that process, not made returnable or executed as directed, shall be adjudged
 
 *476
 
 void upon the plea of the defendant. From which it seems, that it means such process only as a plea could be made to, viz: original, or mesne ; see
 
 Duncan
 
 v. Hill, 2 Dev. and Bat. 291. It is also apparent, from the provisions made, by law, for postponing sales under executions, from the first to the later days of the term ; Rev. Code, chap. 45, sec. 14, and from the general practice of the courts. •
 

 The sheriff is allowed all the days of the term to return a
 
 fieri
 
 facias, unless he be ruled, upon motion, and cause shown, to return it on some intermediate day. When the return is made, like other acts of the Court, it stands, by relation, as if done on the first day.
 

 It follows that when a sheriff made due return on Thursday of his execution, it was not only in the power, but it was the duty of the Court to strike out the conditional judgment, as soon as the fact of the return was brought to its notice.
 

 The proceedings of a court are all
 
 in paper,
 
 until* its close, and are subject, in the mean while, to be reviewed, amended or revoked, as may seem to the Court’s maturer judgment right and proper.
 

 The action of the County Court was strictly in accordance with law, and consequently, the
 
 pro forma
 
 judgment of the superior court erroneous, wherefore, the latter should be reversed, and judgment be for the defendant.
 

 Per Curiam,
 

 Judgment reversed.