French vs. Ferguson and others.

FRENCH, Appellant, vs. FERGUSON and others, Respondents.    77    121
                                                                113    1  28

*May 3 — May 20, 1890.*

*Justices' courts: Recess or adjournment? Jurisdiction: Judgment against defendant not served.*

1. A recess taken by a justice's court at 2 o'clock P. M. until 10 o'clock A. M. of the following day, on account of the illness of the justice, is not an "adjournment" within the meaning of subd. 5, sec. 3574, R. S., and jurisdiction is not lost by the failure to enter in the docket the place to which such recess is taken.

2. A judgment by default against a defendant who was not served with process and did not appear is a nullity and does not affect the jurisdiction as to the other defendants.

APPEAL from the Circuit Court for *Ashland* County.

The plaintiff brought his action before a justice of the peace, against the defendants, to recover money paid for their use. The summons was not served on the defendant Willes. The remaining six defendants appeared before the justice December 7, 1887, and went to trial. After the plaintiff had put in his proofs, and the court had overruled a motion by defendants for a nonsuit, the following proceedings were had, as appears by the docket entries made by the justice: "It being night, the court took a recess until 2 o'clock P. M., December 8, 1887. December 8, 1887, at 2 o'clock P. M., parties appeared by counsel,— plaintiff and defendant. The court, being sick, by consent of parties took a recess until 10 o'clock A. M., December 9, 1887. December 9, 1887, 10 o'clock A. M., plaintiff appeared by counsel. After waiting one hour, and none of the defendants appearing by counsel or otherwise, the court, being satisfied from the evidence, determines and adjudges that the plaintiff, *C. E. French*, have judgment, etc., which judgment is entered in the usual form." The judgment is against all the defendants except Willes. The return shows

that these docket entries were made at the several times such proceedings were had.

All the defendants against whom judgment was so rendered, except W. G. French, joined in suing out a writ of *certiorari* to remove such proceedings and judgment into the circuit court for review. The circuit court reversed the judgment of the justice, and the plaintiff appeals to this court from the judgment of reversal.

For the appellant the cause was submitted on the briefs of *John F. Dufur.*

For the respondents there was a brief by *Miles & Shea,* and oral argument by *W. F. Shea.*

Lyon, J. It is understood that the circuit court reversed the judgment of the justice solely on the ground that the latter lost jurisdiction of the case by his failure to enter in his docket on December 8, 1887, the place to which the recess was taken. Sec. 3574, R. S., requires the justice to enter in his docket "every adjournment, *stating* at whose request and to what time and place." (Subd. 5.) It was held in *Brahmstead v. Ward,* 44 Wis. 591, and in several earlier cases there cited, that the place to which the cause is adjourned must appear from the docket entries made by the justice, or he loses jurisdiction. Such is the law of this state. The question is, therefore, Does the same rule apply where, as here, the docket entry is not that the cause was adjourned, but that a recess was taken by the court?

It is argued that there is no difference between an adjournment and a recess. It is doubtless true that an adjournment includes a recess, because it suspends for the time being the proceedings in the cause. But we think a recess is not necessarily an "adjournment," within the meaning of the latter term as used in the statute. Webster says that the word *adjourn,* both in England and this country, is applied to all cases in which public bodies separate for a brief

period with a view to meet again. As applied to a justice's court, it signifies, we think, not only that the justice ceases to exercise his functions in the particular case for the time being, but that he and the parties, witnesses, jurors, and officers in attendance, separate from the place of trial, so that there remains no court at such place. If that result is accomplished, it is an adjournment, no matter by what name the justice designates the proceeding in his docket. If that result is not accomplished, it is not an adjournment, but a mere suspension of the proceedings in the cause for a time.

It seems to us that the result indicated as essential to constitute an adjournment was not accomplished by the proceeding of December 8th, as entered in the docket. True, the trial of the cause was thereby suspended until the next day, just as it would have been for a shorter period had a recess been taken for an hour to enable the justice to get his dinner. We suppose no one will claim that such a suspension of the trial is an adjournment, even though the justice may have entered in his docket that the cause was adjourned for one hour for that purpose. In contemplation of law, there would have been a court in existence at the place of trial during the dinner hour, although its functions were temporarily suspended. So in the present case there is nothing to show that the court was terminated, or even that the justice left the place of trial until the cause was finally disposed of on December 9th. The record only shows that, by reason of the illness of the justice, he suspended proceedings in the case until the next day at a certain hour. Had he done so for the same cause for one hour or two hours, it would not have been an adjournment, under any reasonable interpretation of the statute. How can it affect the principle that, owing either to the lateness of the hour, or the severity of his illness, or both, he suspended the proceedings a few hours longer?

In either case, we conclude it was no adjournment, for the court was not thereby necessarily dissolved or terminated.

The rule of the cases above referred to is a harsh one, and should not be extended to a case not clearly within it. In our opinion, this case is not clearly within the rule, but is fairly distinguishable from the cases in which it has been applied. We hold, therefore, that the suspension of the proceedings from December 8th to December 9th, for the reason and under the circumstances stated in the docket entry, was not an adjournment of the cause, and hence the justice did not lose jurisdiction thereof because he failed to enter the place at which the trial would be resumed.

It appears by the docket entries that the defendant Willes was not served with process, and did not appear in the action, and that on the return day of the summons the justice rendered judgment against him by default in favor of the plaintiff. It is claimed that the rendition of such judgment terminated the jurisdiction of the justice as to the other defendants. The point is not well taken. The justice had no jurisdiction to render such judgment, and the same is a nullity, and cannot possibly affect his jurisdiction to proceed in the action against the other defendants.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to affirm the judgment of the justice.