S. H. BOYD, Trustee v. M. E. TEAGUE, Sheriff.

*Sheriff's Return—Negligence.*

A Sheriff who fails to make return of process before the adjournment of
the Court to which it is returnable, is liable to the penalty pre-
scribed by statute. This case is governed by *Turner* v. *Page,*
decided at this term.

This was a RULE on the Sheriff of FORSYTH County to
show cause why a judgment *nisi* should not be made abso-
lute, which was taken at the February Term, 1892, of said
Court, for failure to return an execution issued from the
Superior Court of Rockingham County on the 30th day of
November, 1891, and mailed to him on the 1st day of Decem-
ber, 1891, returnable to the said February Term.

Three letters from A. J. Boyd attorney for S. H. Boyd,
trustee, to said Sheriff, directing him to proceed under the
execution, are made a part of the statement of the case on
appeal. The said February Term of Court began on the
15th day of February, 1892, and was a two weeks term, but
all the business of the term having been disposed of, the
Court adjourned at noon on the 20th day of February, 1892,
and the defendant, Sheriff of Forsyth County, did not return
said execution until the 22d day of February, 1892, two
days after the said adjournment, and did not deliver the
horse and buggy, taken under said execution, to the Clerk,
until March 1, 1892. The Court, *McIver, J.,* presiding,
upon the hearing of the rule, adjudged that the Sheriff was
not required to return the execution before the adjournment
of the Court, but at any time within two weeks allotted by
statute for the sitting of the Court, and adjudged that said
rule be discharged upon said Sheriff paying the cost of the
same.

To this ruling, the plaintiff excepted and appealed.

*Messrs. A. J. Burton* and *Boyd & Johnston* (by brief), for plaintiff.

*Mr. R. B. Glenn,* for defendant.

CLARK, J.: The point presented by this appeal has been passed upon at this term in *Turner* v. *Page.* There the reason of the decision is so clearly laid down by Mr. Justice MacRae that it is unnecessary to do more than refer to that case, and to say that after the aid given us by the able argument of appellee's counsel, we are nevertheless satisfied of the correctness of our former ruling. The Sheriff is not compelled to make his return of an execution on the first day of the term, though it is more regular, and for many reasons desirable that he should do so. It is sufficient if he make the return *during the term* (*The Code,* § 449), unless ruled to make it on an earlier day of the term, *Ledbetter* v. *Arledge,* 53 N. C., 475. But the term expires when, the business being dispatched, the Judge adjourns Court or leaves. *Branch* v. *Walker,* 92 N. C., 87; *Foley* v. *Blank,* 92 N. C., 476. In the latter case it is said "a pleading placed on the files of the Court in the absence of the Judge, after he has left for the term, is not filed in contemplation of law." So a return made at such time is not made to the term. The term of the Court is held by the Judge, and there can be none after he leaves. It was the Sheriff's negligence that he did not make his return promptly as he should have done, but held it back under the impression that the term would last full two weeks. It is public policy that officers should be prompt, diligent and careful.

The term having expired before the return was made, the judgment *nisi* should have been made absolute. *The Code,* § 2079. The case will be remanded, that the judgment shall be so entered.

Reversed.