JULIUS F. RIVERS, Respondent v. OBEAR, NESTOR GLASS COMPANY, Appellant.

St. Louis Court of Appeals, October 31, 1899.

Pleading: PRACTICE, TRIAL: BURDEN OF PROOF. Where plaintiff alleges in his petition that a party is indebted to him for work done and materials furnished in the performance of a contract, and that the money had been deposited with defendant for the purpose of paying the same to plaintiff, by said party, and that said money had not been paid to plaintiff, the proof of these facts as alleged makes a *prima facie* case for plaintiff; and where the defendant pleads and attempts to prove that said money was deposited with him, to be paid to plaintiff conditionally, this is affirmative matter, and the *onus* is on defendant to prove the condition by a preponderance of evidence.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*Wise & McNulty* and *Chas. E. Wise* for appellant.

(1)   As the money was deposited by Dixon-Wood Company with appellant, on condition that it was to be paid to respondent only when he had settled with J. M. Freeman & Company and produced a receipt in evidence of the settlement; and as he failed to show he had settled with J. M. Freeman & Company, he is not entitled to recover, and the court should have given the instruction to that effect asked for by appellant at the close of respondent's testimony and at the close of all the evidence.   Monks v. Miller, 13 Mo. App. 363; Craycroft v. Walker, 26 Mo. App. 469; Denny v. Kile, 16 Mo. 450.   (2)   One can not recover damages for the non-performance of a contract which was occasioned by a primary breach on his part.   Smith v. Keith & Perry Coal Co., 36 Mo. App. 567; Doyle v. Turpin, 57 Mo. App. 84; Murphy v. St. Louis, 8 Mo. App. 483; Beach v. Curle, 15 Mo. 105.   (3) Respondent's instruction number 2 is predicated on an issue not pleaded or brought out in the evidence, which is error. Masman v. Bendee, 80 Mo. 579; Nugent v. Curran, 77 Mo. 323; Rhodes v. McNulty, 52 Mo. App. 301.

*Geo. E. Smith* for respondent.

(1)   The only substantial defense pleaded and relied on by defendant, was that it had paid this money to Freeman & Company with plaintiff's consent.   Issue was joined on this plea, and the whole case turned upon that question of fact. (2)   The court gave, at appellant's request, a very broad and clear instruction covering that issue.   (3)   The finding of the jury against him on this issue is his real ground of com-

plaint. (4) Defendant did not plead that decree as his excuse for paying the money, for it did not then exist, nor could he rely on the law to support the decree for he well knew that the statute did not cover Freeman & Company's claim, and he knew that they were not entitled to a mechanic's lien.

BLAND, P. J.—In substance the petition is, that on January 5, 1892, the Dixon-Wood Company (a corporation) was indebted to plaintiff in the sum of $494.80, which sum the said Dixon-Wood Company on said date deposited with the defendant for plaintiff, the defendant agreeing and undertaking to pay the same to plaintiff on demand, but which i⁺ had wholly failed and refused to do. The answer admitted that the deposit of the $490.80 with defendant, but alleged that it was not deposited to be paid to plaintiff on demand, but was made under the following conditions and circumstances: That in July, 1891, defendant made a contract with the Dixon-Wood Company for the erection of certain glass furnaces on its property in East St. Louis (St. Clair county, Illinois). That the Dixon-Wood Company sublet a portion of said contract to the plaintiff, and that the part so sublet was by plaintiff re-sublet to J. M. Freeman & Company, which work was completed by Freeman & Company, for which plaintiff failed to pay, and that Freeman & Company to secure the contract price of their work, filed notice of a mechanic's lien on the property of the defendant, and afterwards established their lien by the judgment of the circuit court of St. Clair county, Illinois, and obtained a decree against defendants for the sum of $494.80. The answer further alleged that the deposit was made with it to be paid to plaintiff when he satisfied the lien of J. M. Freeman & Company, paid the claim in full and brought to defendant the receipt of J. M. Freeman & Company as evidence of such payment. The answer further alleged that on February,

1892, plaintiff having failed to settle the Freeman & Company claim at a meeting held by plaintiff, the defendant and the attorney of J. M. Freeman & Company, plaintiff agreed that the said deposit should be paid to Freeman & Company's attorney in settlement of the claims and lien, and that it was so paid in his presence and by his consent. The replication denied generally the new matter in the answer and averred specially that the St. Clair county judgment was obtained by collusion between Freeman & Company and the defendant, and was fraudulent and void; that defendant had a good defense to the Freeman & Company suit but never made it. The issues thus made up were submitted to a jury, who found a verdict for plaintiff for the full amount claimed, on which judgment was rendered, and from which defendant duly appealed.

(1) At the close of plaintiff's case defendant moved the court to instruct the jury that plaintiff could not recover. The refusal of the court to grant this request is assigned as error. J. F. Rivers, plaintiff (the only witness offered by plaintiff) testified for himself, in substance, that he had a contract with the Dixon-Wood Company to do certain rubble masonry work for the erection of the glass furnaces mentioned in the answer, which contract he sublet to Freeman & Company, who did the work provided for in his contract, and for which he paid Freeman & Company with the exception of a small balance ($21 and some cents); that he had a settlement with the Dixon-Wood Company, in which it was ascertained that they owed him on his contract $494.80, which sum Mr. Dixon (president of the company), deposited with the defendant to be paid to him, without conditions and on demand. He further testified that when he went for the money Mr. Obear, an officer of defendant, demanded that he should settle with Freeman & Company before he would pay over the money; that he told Obear to show him that he (plaintiff) was honest he would settle with Freeman & Company, and that

Obear could hold the money until he made the settlement; that he did try to make the settlement, but could not do so, and afterwards demanded his money of Obear. His testimony further shows that Freeman & Company did file a notice of lien; that he and Freeman went to the clerk's office for the purpose of having the lien canceled, and that he thought it was canceled. Plaintiff also testified that he charged Freeman & Company $100 for having filed the lien, and $10 for his trip to the clerk's office to have it canceled; that Freeman refused to allow these claims, and they never come to terms of settlement.. In this state of the evidence defendant was not entitled to a peremptory instruction to find for it. The agreement with Obear that he might hold the deposit until plaintiff paid the claim of Freeman and thus satisfy the lien, while made upon sufficient considerations for its support, was not pleaded or relied on as a defense at the trial and can not be raised here for the first time. The testimony on the part of the defendant tended (and by an apparent preponderance of the evidence), to establish the allegations set forth in its answer. The judgment mentioned in the answer which was rendered by the circuit court of St. Clair county, Illinois, at its January term, 1892, in favor of Freeman & Company and against the defendant, establishing the Freeman & Company's mechanic's lien for $494.80 mentioned in the answer, was read in evidence, also portions of the constitution and statutes of Illinois, relating to the jurisdiction of circuit courts, and statutes concerning mechanic's liens. The mechanic's lien judgment was excluded from the consideration of the jury by an instruction, but the court submitted, by instruction to the jury, the fact whether or not the extracts from the constitution and statutes of Illinois read in evidence were parts of the constitution and laws of that state, and then told the jury that if they should find that they were, then the lien judgment was null and void. We are unable to perceive the propriety of these latter in-

structions. After the court had withdrawn the judgment lien from their consideration. "It is a waste of ammunition to shoot it into a dead body." It was confusing to the jury to submit evidence for their consideration to establish the fact of the rendition of the judgment after the judgment itself had been withdrawn from them. The judgment was not binding on the plaintiff because he was not a party to it, but it was admissible in evidence in this case to prove the fact that such a judgment as a matter of fact had been rendered, because the defendant alleged its existence, and the plaintiff denied it; and for the further reason that its existence, whether it was valid or invalid, was prejudicial to the defendant, and because of the fact that it was the duty of both the plaintiff and of Dixon-Wood Company to remove it, and thus it furnished a consideration and motive on the part of Dixon-Wood Company to make and of the plaintiff to consent that the deposit should be on condition that plaintiff would first satisfy the Freeman debt and remove the lien before receiving the deposit. Its exclusion was therefore prejudicial error. The appellant moved the court to instruct the jury to the effect that under the law the plaintiff was required to prove his whole case by a preponderance of the evidence. This the court refused to do. This ruling was correct. The onus to prove that the deposit was a conditional one, was on the defendant. Plaintiff made out his case when he proved that the Dixon-Wood Company was indebted to him in the sum of $494.80 for work done and materials furnished in the performance of his contract, and that the money had been deposited by the Dixon-Wood Company with the defendant for him. To overcome this *prima facie* case, the defendant plead the Freeman claim, the lien and the condition that the latter's claim should be paid before plaintiff should receive the deposit, and that a settlement was made and the money paid to Freeman by consent of plaintiff. These were affirmative matters which devolved on defendant to

prove by a preponderance of the evidence to overcome plaintiff's *prima facie* case. For the errors herein noted the judgment is reversed and the cause remanded.

All concurs; Judge *Biggs* in result.