LOUISE JONES, Respondent, v. THE MARBLE
HEAD LIME COMPANY, Appellant.

**Kansas City Court of Appeals, January 27, 1908.**

1. **TRIAL PRACTICE: Motion for New Trial: Filing.** When the
motion for new trial is not filed within four days after the find-
ing it should not be considered.

2. ————: ————: **Setting Aside Nonsuit: Subsequent Term.**
A nonsuit may be set aside by the court though no motion for
new trial be filed, but such action must be at the same, and not
at a subsequent term.

3. ————: **Setting Aside Nonsuit: Term: Motion.** In determin-
ing at what term the trial court set aside the nonsuit the appel-
late court must be governed by the record and cannot consider
alleged actions of the court not of record.

4. **TRIAL AND APPELLATE PRACTICE: Motion for New Trial:
Filing: Record Bill of Exceptions.** The record entries relating
to the filing of the motion for new trial must contain a recita-
tion in the bill of exceptions that the motion was filed "within
four days."

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

REVERSED AND REMANDED.

*McReynolds & Halliburton* for appellant.

(1) The motion to set aside the nonsuit and grant
a new trial was not filed within the time required by the
statute. The nonsuit was entered April 25, 1906, and
the motion for new trial filed May 1, 1906, on the sixth
day after the nonsuit. R. S. 1899, sec. 803; Long v.
Hawkins, 178 Mo. 103; St. Joseph v. Robison, 125 Mo.
1; St. Louis v. Boyce, 130 Mo. 572; Scullin v. Railway
Co., 192 Mo. 1. (2) Where a motion for a new trial is
not filed within the time prescribed, the trial court, even
though it believes error to have been committed, must
deny the motion. Allen v. Brown, 5 Mo. 323; Gilstrip
v. Railway Co., 50 Mo. 491; Welsh v. St. Louis, 73 Mo.

71; Bates v. Realty Co., 88 Mo. App. 550; In re Ponds Estate, 91 Mo. App. 424; Harkness v. Jarvis, 182 Mo. 288. (3) While the court might on its own motion have set aside the nonsuit and granted a new trial at the April term, 1906, it had no authority to do so after the adjournment of that term and at the October term, 1906. To carry a cause over from one term to a succeeding one on a motion for new trial, the motion must have been filed within the statutory period. Head v. Randolph, 83 Mo. App. 284, 288; Orvis v. Elliott, 65 Mo. App. 96, 99, 100; Harkness v. Jarvis, 182 Mo. 239. A motion to set aside nonsuit and grant a new trial should have been overruled.

*D. B. Jones* for respondent.

(1) It is well-settled law courts having common law jurisdiction have power to set aside their own judgments at the term at which they are granted and this the court announced at the April term, 1906, and when this discretionary power has been exercised courts will not interfere unless their power has been arbitrarily used. Scott v. Smith, 133 Mo. 618. And it may set aside a judgment for causes and grant a new trial even though the motion was filed out of time, if done before adjournment of the term at which it was rendered. Nelson v. Chislin, 17 Mo. App. 663; McLaran v. Wilhelm, 50 App. 658; Anderson v. Perkins, 52 Mo. App. 527. (2) The motion was fully submitted at the April term and passed on and arguments made on the motion and new trial granted and the attorneys never appeared in the case at the October term at all for the questions had all been passed on at the April term and the matter of recording on the court docket having escaped the judge's notice until after term adjourned was as a matter of fact on the docket for the next term at which time he without any one present made his order allowing new trial of record and the learned attorneys for the appellant will

not dispute the fact that the court allowed plaintiff new trial at the April term and there is nothing left for court to do but affirm the verdict of the trial court as there is no showing that his discretionary power of allowing a new trial in this case has been abused. (3) Whatever the doctrine was originally the modern doctrine is that some orders and amendments may be made at a subsequent term and directed to be entered and become of record as of a former term. 17 Encyclopedia of Pleading and Practice, pages 911 to 915; Insurance Co. v. Boon, 95 U. S. 117; In Reright, 134 U. S. 136. (4) By the very constitution of courts of justice, and to answer the ends of their creation they have by the rules of the common law power so far to correct their mistakes and correct their own judgments and decrees as not to allow their mistakes to defeat the ends of justice. Dunby v. Mitchel, 54 Ala. 198; Arington v. Corney, 17 Ark. 100; King v. Bank, 9 Ark. 185; Land Co. v. West, 99 Cal. 345; Henry Co. v. Salmon, 201 Mo. 136; Guinan v. Donnell, 201 Mo. 173.

ELLISON, J.—Plaintiff brought this action for damages resulting to her by reason of the death of her husband caused, as she alleges, by the negligence of the defendant. At the conclusion of the plaintiff's evidence the trial court announced that it would sustain a demurrer thereto, whereupon plaintiff took a nonsuit. A motion to set aside the nonsuit and grant a new trial was filed by plaintiff and the cause went over to the October term, when the motion was sustained.

The record proper shows that the ending of the trial and judgment of nonsuit against the plaintiff was entered on April 25, 1906, and that the motion for new trial was not filed until May 1, 1906. It is thus seen that more than four days intervened, excluding Sunday, the 29th, between the nonsuit and the motion to set it aside. Not being filed within four days, it should not

have been considered. [Long v. Hawkins, 178 Mo. 103; St. Joseph v. Robinson, 125 Mo. 1; Scullin v. Railway, 192 Mo. 1.]

It is truly said by plaintiff that though the motion was filed out of time, yet the trial court may of its own motion, for good cause, grant a new trial without regard to a motion therefor. But the trial court can only do so at the *same* term the judgment is rendered. If at a subsequent term it must be on the motion which has been continued over.

To meet this, plaintiff insists that a new trial *was* granted at the April term. But the record, which we are compelled to accept as absolute verity, shows differently. It shows that the motion was sustained at the following October term. The record does not disclose any action taken towards granting a new trial except on the motion and that was unauthorized as it was not in time.

Plaintiff further insists that the bill of exceptions shows the motion was filed within four days. The bill does recite that the judgment was rendered on April 25, 1906, and that "afterwards during said regular term of court and within four days after the rendition of the judgment aforesaid, to-wit: on the first day of May, 1906, the plaintiff filed her motion to set aside the nonsuit herein." If the judgment was rendered on the 25th of April and the motion was filed May 1st, it is apparent it was not within four days. And if we allow the statement of its being "within four days" to control those dates, it still would not aid the plaintiff, since the place for statement of the filing of a motion for new trial is in the record proper, and where the recitation in such record is contradicted by that in the bill of exceptions, the latter must give way.

Plaintiff reiterates in brief that the motion for new trial was in fact granted at the April term, and that the court omitted to make note or entry thereof. We can

only repeat that we must accept the plain entries of record as governing the case. It follows from what we have said that the new trial was not authorized and the judgment will be reversed and cause remanded that judgment may be entered on the nonsuit. All concur.