LOUISA JONES, Appellant, v. THE MARBLE HEAD LIME COMPANY, Respondent.

Springfield Court of Appeals, December 5, 1910.

1. STATUTE OF LIMITATIONS: Non-suit: Commencing New Action: Death by Wrongful Act. Plaintiff in a suit for the death of her husband, suffered a non-suit and filed her motion to set the same aside, but failed to file said motion within the four days as required by statute and this motion was continued to the next term when it was taken up by the court, sustained, and on appeal by defendant the lower court was directed to set aside the order sustaining the motion and to enter judgment on the non-suit because the motion to set aside had not been filed within four days. Held, that the one year provided for by section 2868, Revised Statutes 1899, in which a new action could be commenced after non-suit, began to run from the date the non-suit was first taken and the running of this year was not suspended by any proceedings subsequent to the filing, out of time, of the motion to set aside the non-suit.

2. NEW TRIAL: Granting by Court on Own Motion. The trial court may on its own motion grant a new trial, even though the motion for a new trial is filed out of time, but it can only do so during the same term the judgment is rendered.

3. ———: Filing Motion Out of Time. Where a motion for a new trial is filed out of time, its filing is without authority and although the trial court may continue it to a subsequent term it is powerless to act on the motion except to strike it from the files.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair*, Judge.

Affirmed.

*D. B. Jones* for appellant.

The mandate from the Kansas City Court of Appeals reversing the judgment of the trial court on the non-suit judgment, was filed April 1, 1908, and the present suit was commenced on the 28th day of April, 1908. It is our contention that plaintiff's case was not barred by the Statute of Limitations, and that this contention is supported by the following authorities. Mason v. Railroad, 125 S. W. 1128; Wetmore v. Crouch, 188 Mo. 653, 87 S. W. 954; Chouteau v. Rouse, 90 Mo. 191; Estes v. Fry, 166 Mo. 70.

*McReynolds & Halliburton* for respondent.

(1). This action having been brought by the wife of the deceased under sections 2865 and 2866, Revised Statutes of Missouri, 1899, and the petition not alleging there are no minor children, must have been commenced within six months after the death of her husband or she lost her right of action. Barker v. Railroad, 91 Mo. 86; Packard v. Railroad, 181 Mo. 421. (2) Section 2868, R. S. 1899, does not apply to plaintiff, and only applies to those cases where the preceding sections provide for bringing an action within one year. De Both v. Coal & Mining Co., 141 Mo. 505; Gerren v. Railroad, 60 Mo. 511; Revelle v. Railroad, 74 Mo. 441; State ex rel. v. Musick, 130 S. W. 398. (3) A motion for new trial filed out of time shall not be considered and all the court can do is to strike it from the files. St. Joseph v. Robinson, 128 Mo. 2; St. Louis v. Boyce, 130 Mo. 573; Long v. Hawkins, 178 Mo. 107; Harkness v. Jarvis, 182 Mo. 239; Scullin v. Railroad, 192 Mo. 4; Head v. Randolph, 83 Mo. App. 688; Childs

v. Railroad, 117 Mo. 423. (4) While the court at any time, on its own motion, during the April term, 1906, might have set aside the non-suit and granted a new trial, after the adjournment of the term it had no jurisdiction at a succeeding term to do so, and the going over the term of a motion for a new trial filed out of time did not give the court jurisdiction to act either on the motion or on its own motion. Orvis v. Elliott, 65 Mo. App. 100; Scott v. Smith, 133 Mo. 618; Ensor v. Smith, 57 Mo. App. 585; Wight v. Railroad, 20 Mo. App. 481; Nelson v. Ghislin, 17 Mo. App. 663; McLaren v. Wilhelm, 50 Mo. App. 658; Anderson v. Perkins, 52 Mo. App. 527; Martin v. Tobacco Co., 52 Mo. App. 655; Danforth v. Lowe, 53 Mo. 217; Childs v. Railroad, 117 Mo. 414; State ex rel. v. Harper, 56 Mo. App. 611; Orvis v. Elliott, 65 Mo. App. 96.

NIXON, P. J.—A summary of the steps taken in the litigation of which this appeal is the culmination is necessary to a complete understanding of the one question discussed herein.

(1) Riley Jones died in September, 1905, from the effects of an injury received at the lime quarry of the Marble Head Lime Company, near Sarcoxie, Jasper county, Missouri. (2) Appellant, his widow, filed suit on February 15, 1906, and the case came on for trial at the April term, 1906, of the circuit court of Jasper county, resulting in plaintiff taking a non-suit (on April 25, 1906) with leave to file a motion to set the same aside. (3) On May 1, 1906, the motion to set aside the non-suit and grant a new trial was filed. (4) This motion went over to the October term, 1906, when it was sustained, the defendant thereupon perfecting its appeal to the Kansas City Court of Appeals. This branch of the case is discussed in the case of Jones v. The Marble Head Lime Co., 128 Mo. App. 345, 107 S. W. 420. On January 27, 1908, the Kansas

City Court of Appeals reversed the judgment and remanded the cause with directions to the trial court to enter judgment on the non-suit because it appeared that more than four days intervened between the taking of the non-suit and the filing of the motion to set it aside and for new trial. Appellant states that the mandate from the appellate court was filed on April 1, 1908. (5) On April 28, 1908, appellant filed the case a second time in the circuit court, and, upon trial, obtained a verdict in the sum of one thousand five hundred dollars, but the trial court, on motion of defendant, set the same aside on the theory that the plaintiff's action was barred by the Statute of Limitations. The plaintiff perfected her appeal to this court, but, at the March term, 1910, thereof, dismissed her appeal. (6) At the February term, 1910, of the circuit court of Jasper county, plaintiff, by leave of court, filed an amended petition, first setting up substantially the foregoing, and then stating the facts relied on for her cause of action. Defendant demurred to this petition, assigning the following grounds: "First. Because said amended petition shows on its face that plaintiff's cause of action is barred by the Statute of Limitations. Second. Because said petition on its face shows that it was more than a year after plaintiff took a non-suit in said cause on the 25th day of April, 1906, before this suit was commenced. Third. Because the proceedings after non-suit of April 25, 1906, did not have the effect of keeping alive plaintiff's cause of action and give her the right to commence suit within one year after the judgment of the Kansas City Court of Appeals or the judgment entered in the circuit court upon the mandate from the Kansas City Court of Appeals."

Upon the trial court sustaining this demurrer, plaintiff perfected her appeal to this court.

The statute, section 2868, Revised Statutes 1899, as amended by Session Acts, 1905, page 137, is, in part,

as follows: "Every action instituted by virtue of the preceding sections of this chapter shall be commenced within one year after the cause of action shall accrue: Provided that if any action shall have been commenced within the time prescribed in this section, and the plaintiff therein suffer a non-suit, . . .such plaintiff may commence a new action, from time to time, within one year after such non-suit suffered. . . ."

In this case the non-suit was suffered on April 25, 1906. The Kansas City Court of Appeals has already decided that as the motion to set the non-suit aside and grant a new trial was filed after four days had intervened, such motion should not have been considered. That is, the litigation had come to an untimely end by the plaintiff's lack of diligence. It is rightly said in the opinion in that case that the trial court could, of its own motion, have granted plaintiff a new trial even though the motion therefor came too late, but that it could only have done so at the same term the judgment of non-suit was rendered, and that was the April term, 1906. From April 25, 1906, (or even from the last day of the April term, 1906) to April 28, 1908, when the case was filed the second time, more than one year had elapsed. The mere fact that at the October term, 1906, the circuit court assumed to set aside the non-suit and grant plaintiff a new trial can be of no avail to the plaintiff. Such action on the part of the trial court was entirely erroneous under the holding of the Kansas City Court of Appeals to which we have referred. So, also, in the case of Harkness v. Jarvis, 182 Mo. l. c. 239, 81 S. W. 446, the Supreme Court said that the very act of filing the motion for new trial out of time is without authority, and that even though the court should specially take up such a motion and continue it under advisement to a subsequent term, it is powerless to act, except to strike it from the files, because the filing was unauthorized and is a nullity. See, also, Childs v. K. C., St. J. & C. B. R.

Co., 117 Mo. 1. c. 423, 23 S. W. 373. Hence, the continuance of the case to the October term, 1906, did not suspend the finality of the non-suit and the judgment entered thereon and the circuit court lost jurisdiction of the case and the litigation was ended so far as the finality of the non-suit was concerned. The act of the circuit court in sustaining plaintiff's motion at the October term, 1906, was wholly ineffectual, and the time consumed by the defendant in correcting this patent error cannot by any process of reasoning be taken advantage of by plaintiff in computing her one year's time within which she might renew the action under the statute. If reason has a place in the science of law, surely this conclusion must stand. The statute means just what it says. The non-suit was suffered on April 25, 1906, and under the authorities cited no effectual move was made by the plaintiff after that time which would suspend the finality of the judgment or give it any continuing validity. It is thus made clear that the plaintiff's suit was barred by the statute when she attempted to renew it on April 28, 1908, and the trial court rightly sustained the defendant's demurrer. Its judgment is accordingly affirmed. *Cox, J.,* concurs; *Gray, J.,* not sitting.