BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1914.

---

THE STATE OF MISSOURI ex rel. THOMAS J. SMITH, Appellant, v. SAMUEL L. COLEMAN, Treasurer of Bates County, Missouri, Respondent.

Kansas City Court of Appeals, October 5, 1914.

1. **PRACTICE, TRIAL: Motion for New Trial: End of Term.** A motion for new trial must be filed before the end of the term at which a judgment is rendered. If filed after court has adjourned for the term, the trial court has no authority nor power at the next term to entertain or sustain it and grant a new trial or to allow additional parties to be made or amended pleadings to be filed.

2. ————: ————: ————: **Adjournment.** An adjournment for the term is an act not a declaration. Where the judge, after holding a term of court, leaves the courthouse and county with the intention not to return until the next term and no special judge is elected to hold court after he is gone, the court is adjourned for the term by that act, and there is no constructive court in session for the remainder of the day even though, pursuant to custom, the judge verbally directed the clerk to receive all filings up to six o'clock p. m. of that day, and left without any formal order of adjournment or proclamation by the sheriff to that effect. And where the motion for new trial was filed after such an adjournment, it was not filed before the end of the term as required by statute.

(358)

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED (*with directions*).

*Silvers & Silvers, D. C. Chastain, Frank Hagerman* and *T. J. Smith* for appellant.

*W. O. Jackson, J. F. Francisco* and *J. F. Smith* for respondent.

TRIMBLE, J.—Relator has appealed from an order of the circuit court of Bates county, Missouri, sustaining a motion for new trial filed by defendant. Judgment was rendered against defendant at the February term, 1913, and his motion for new trial was sustained at the May term following. The contention is that no motion for new trial was filed until after the term at which the judgment was rendered had ended, and that consequently the court could not entertain such motion nor grant a new trial.

The suit is a proceeding in mandamus brought against the Treasurer of Bates county to compel the payment of two warrants drawn on the Construction Fund of River Drainage District No. 1 of Bates county, Missouri. Said Drainage District is a corporation organized under article 4, Chapter 41, Revised Statutes 1909.

The warrants, both of which are now owned and held by relator, Thomas J. Smith, were regularly and duly issued to relator and to Frank Hagerman in payment of attorney's fees due them under a contract whereby they were employed to prosecute a writ of error to the United States Circuit Court of Appeals and obtain the reversal of a judgment obtained by the contractor for creating the drainage system of said district.

The writ of error was duly prosecuted and a reversal of the judgment was obtained, and on February

7, 1913, the warrants were duly issued and delivered. The treasurer, however, for some reason declined to pay them. This refusal was not because of a lack of funds but apparently because of a doubt as to the legality of using a portion of funds collected for the construction of a drainage district to pay attorney's fees incurred in defending the fund from the charges made by the contractor.

To settle this question and obtain payment of the warrants, relator applied to the circuit court at its February term, 1913, for a writ of mandamus. Upon the filing of the application, defendant appeared and waived the issuance of the alternative writ and consented to a trial at that term. He then filed an answer in which all of the allegations of the application were admitted to be true, (among which was an allegation that there was in the funds of the District more than $20,000 and therefore ample funds with which to pay said warrants). The answer further set up the fact that the warrants were issued for services rendered as attorneys for the Drainage District, and alleged that defendant did not know whether the funds in his hands were available for the payment of relator's warrants and therefore denied that they were so available.

The court rendered judgment in relator's favor and directed the peremptory writ of mandamus to issue in which defendant was commanded to pay said warrants. This judgment was rendered on the last day of the February term, to-wit, March 7, 1913, somewhere between ten and half past eleven o'clock in the forenoon. No notice was given in anyway either to the parties or opposing counsel or to the court that defendant intended or desired to file a motion for new trial. At 12:40 in the afternoon the judge of the court left the courthouse and departed from Bates county intending not to return until the next term, and did not return until the first day of the next term which

began May 27, 1913. When the judge left he verbally instructed the clerk to receive all filings up to the usual hour for adjournment of court, which was six o'clock p. m.; but no order of record was made to that effect. This was pursuant to a custom which the court and the attorneys thereof had to file "formal pleadings" on the last day after the judge had left for home and up to the usual time of adjournment, and filings so made had always been treated the same as if filed when the judge was present.

After the court had thus separated and the judge thereof had left the county intending not to return until the next term, defendant presented to the clerk, for filing, the motion for new trial herein. This motion was presented in the latter part of the afternoon of that day somewhere in the neighborhood of four o'clock. From the time the judge left at 12:40 p. m., no special judge was elected or acting, nor any other person acting or assuming to act, as judge of said court. The clerk, pursuant to said custom, received said motion and filed it.

On the first day of the next term, May 27, 1913, relator filed a motion to strike out defendant's motion for new trial on the ground that it was filed after the end of the term at which the judgment was rendered. The motion to strike out was overruled and the motion for new trial sustained. Whereupon this appeal was taken.

The question arising upon the foregoing facts concerning the filing of the motion for new trial, (which facts are admitted), is, had the circuit court adjourned and the term come to an end before the motion was filed? If this be answered in the affirmative then the court had no power, at the next or any other term, to grant a new trial or to entertain a motion for that purpose. Such a motion must be filed before the end of the term at which the judgment was rendered. [Sec. 2025, R. S. Mo. 1909.] The provisions of this statute are

mandatory and a motion filed after the time allowed
by the statute cannot be considered. [Brinton v.
Thomas, 138 Mo. App. 64.] If the motion for new trial
was not filed during the term when the judgment was
rendered, the trial court had no authority to sustain
it. [State v. Brown, 206 Mo. 501, 506, 7; State v. Faw-
cett, 212 Mo. 729; Williams v. Kansas City Southern
R. Co., 156 Mo. App. 675; Hecht v. Heimann, 81 Mo.
App. 370; Jones v. Marble Head Lime Company, 128
Mo. App. 345, 348.]

Defendant does not controvert the foregoing prop-
osition. His contention is over the question whether
or not the February term was adjourned or had come
to an end at the time the motion for new trial was
filed.

Under the admitted facts it must be said that the
court had adjourned and the term had come to an
end. Any other view would tend to the introduction
of abuses, would give rise to distrust and confusion,
would rob judgments and court records of their cer-
tainty and finality, and open the door to irregulari-
ties of many sorts. It is difficult to conceive of a court
being in session and transacting business with no judge
thereof present to preside over and give expression to
its orders. Whether a court is adjourned or not de-
pends upon the actual facts and conditions and not
upon whether a formal order to that effect has been
made. We do not mean to say that every time a judge
momentarily or temporarily leaves the bench there is
an adjournment. But when, as in this case, the judge
has held a term of court and has transacted business
and has left the place and jurisdiction of the court
and departed to his home with no intention of re-
turning such act constitutes an adjournment for the
term the same as if a verbal order and proclamation
to that effect had been made. In defining the meaning
of adjournment, the Supreme Court of Wisconsin, in
French v. Higgins, 45 N. W. 817, held it to mean that

situation where the judge not only ceases to exercise his functions for the time being but leaves the place of trial and the officers separate so that there remains no court at such place. If that result is accomplished it is an adjournment no matter whether an order or proc-lamation to that effect was made or not. In Boyd v. Teague, 16 S. E. 338, the Supreme Court of North Carolina says "the term expires when, the business being dispatched, the judge adjourns court or leaves . . . The term of court is held by the judge and there can be none after he leaves." In Delafield v. Lewis Mercer Const. Co., 20 S. E. 167 the same court, in speaking of the idea that the term of the court extended beyond the time of the judge's departure, says: "This idea of a court in session without a judge is not warranted by law." In that case the trial judge, upon leaving, directed that the court should remain open after he left. But the Supreme Court held that the court could not be constructively open after the judge had left. And it also held that even if the judge omitted to make a formal order of adjournment or directed that court should be held open "still there was an actual adjournment when he leaves the bench for the term. There is no court when there is no judge to hold it, and there can be no constructive session after he has left."

In Foley v. Blank, 92 North Car. 476, it is held that a pleading placed on the files after the judge has left for the term is not filed in contemplation of law.

In Wight v. Scammon, 39 Ill. 554, it was held that where a judge appeared and opened court on the first day of the term and transacted some business and adjourned until the next day and then left, the court stood adjourned by that act because there was no judge.

The fact that we have in our statutes provisions for the election of a special judge from among the members of the bar whenever the judge from any cause shall be unable to hold any term or part of term

does not countenance the view that, after the judge has left the place and jurisdiction of the court with the intention of ending the term and not returning until the next term, there remains in session a constructive court at which business may be transacted. Such act of leaving with intention of not returning is an adjournment and the term is at an end from that time. Whether a special judge could have been elected under such circumstances is not in question here. But certainly as no one was elected and as the judge left the court room and county intending not to return and did not return until the next term, the term of court he had been holding came to an end at the moment of his departure. The necessity for the personal attendance and presence of the judge at the place of meeting in order for the tribunal so meeting to constitute a court is recognized by our statutes which provide that if court shall not be held on the first day of the term, such court shall stand adjourned from day to day until the evening of the third day, and if, at any time after the commencement of a term, it happen that the court shall not be held *according to its adjournment,* it shall stand adjourned from day to day until the evening of the third day. If during that time the regular judge appear, or if in the proper manner a special judge is elected, then there is a court at which business may be transacted, but if not, there is no court at that term. [Holman v. Hogg, 83 Mo. App. 370.] And if a term has been begun and a special judge has been elected who has adjourned for the term, the regular judge himself cannot, even on the morning of that same day, appear and reopen the term. [State ex rel. v. Ross, 118 Mo. 23.] It would seem that this Ross case negatives defendant's contention that if the day began with court in session, the term lasts until that day closes. So far as the custom of treating the court as constructively in session is concerned, it is held in Hecht v. Heimann, 81 Mo. App. 374, that parties

cannot stipulate for the filing of a motion out of time. This being so it is not seen how a custom can validate such a motion.

It follows that the court was without power at the next term to entertain or grant the motion for new trial or to make any of the other orders of which appellant complains. This renders it unnecessary to pass upon appellant's other contention, namely, that even if the motion had been filed in time there is no ground for its being sustained.

The judgment of the circuit court granting a new trial and making new parties and permitting them to file answer is reversed and the cause is remanded with directions to issue the peremptory writ as directed in the final judgment rendered at the February term, 1913, of said court. *Johnson, J.,* concurs. *Ellison, P. J.* not sitting.