T. J. BRINTON et ux., Respondents, v. A. J. THOMAS, Administrator, etc., Defendant; JESSIE WINTER BROWN, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. TRIAL PRACTICE: Motion for New Trial: Amendment: Abandonment. The amendment of a motion for a new trial, does not displace the function of the original motion, and such amended motion cannot be treated as a nullity for one purpose and as a vital thing for another purpose.

2. ——: ——: ——: Statute. The statute requiring motions for new trial to be filed within four days after the

Brinton v. Thomas.

verdict is mandatory; and no amendment of such motions can be made after such time, and the court has no discretion in the matter; but the original motion filed in time affords a legal foundation for an order granting a new trial.

3. ————: New Trial: Court's Decision: Evidence: Court's Duty. It is not only the right, but it is the duty of the trial judge, to act as final trier of fact, and weigh the evidence, and grant a new trial to prevent the accomplishment of injustice. The appellate court will not disturb such action when there is substantial evidence permitting a reasonable mind to indulge the conclusion reached.

4. CONTRACTS: Care of Decedent: Action by Daughter: Proof: Appellate Practice. A daughter bringing an action against her mother's estate for care and nursing, does not have to prove an express contract, but a contract for compensation may be implied from services rendered under an understanding that they were not gratuitous; the evidence being conflicting. The judgment of the trial court is deferred to.

5. ACTION: Practice: Husband and Wife: Services to Mother. Where husband and wife rendered services to the latter's mother, in the nursing and care for her, in about equal parts, they may join in an action to recover compensation against the latter's estate.

6. ————: ————: Admission of Debt. Where a party presenting a claim against an estate credits the estate by note given to the decedent, evidence as to the illegal origin of the debt is irrelevant since the debt is admitted.

7. ————: Judgment: Credit by Note. A husband and wife presented a joint claim against the estate of the wife's mother, and credited the same by the husband's note given to the mother; the jury found against the demand and for the estate on the note, and judgment was rendered against the husband for the amount of the note. On motion the court modified the judgment by entering it against the husband and wife. *Held*, error, since the wife is only liable for costs, and not for her husband's note.

Appeal from Moniteau Circuit Court.—*Hon. William H. Martin*, Judge.

AFFIRMED.

138 App.—5

*R. M. Embry* and *Allen, Gabbert & Mitchell* for appellant.

(1) The motion for a new trial should have been overruled. Motions for new trials must be filed within four days after the verdict if the term shall so long continue; and if not, then before the end of the term. This is mandatory. R. S. 1899, sec. 803; State v. Brown, 206 Mo. 501; In re Estate Pound, 91 Mo. App. 424. (2) Respondents had no right to amend their motion for a new trial after the expiration of four days following the verdict. Scott & Colbert v. Joffee, 125 Mo. App. 576; Bank v. Porter, 148 Mo. 176; Mirrilees v. Wabash, 163 Mo. 470; Wabash v. Mirrilees, 182 Mo. 144. (3) The amending of any pleading and the filing thereof, and the presentation of such amended pleading to the court, and the court having considered it with reference to the merits of such pleading, constitute an abandonment of the original pleading. This is true with reference to petitions, answers and all motions known to pleading. 28 Cyclopedia, Vol. page 14; Hawkins v. Massie, 62 Mo. 552; Roberts v. State Insurance Co., 26 Mo. App. 92; Ingwersson v. Railroad, 205 Mo. 335. (4) One of the grounds for sustaining said motion as given by the court is that the jury were prejudiced by remarks made by counsel for appellant during the trial. This ruling of the court cannot be considered by this court for the reason that no exceptions were saved as to any remarks made by counsel and this court will not consider such ruling in the absence of such exceptions being saved. State v. Walker, 192 Mo. 253; State v. Jones, 194 Mo. 268; State v. Murphy, 201 Mo. 696; State v. Brooks, 202 Mo. 118; State v. Jones, 194 Mo. 268. (5) Another assignment of error by the court in sustaining the motion is that the court erred in sustaining the appellant's motion to correct the judgment. That is to say, the court sustained a motion of appellant to correct the judgment and at the same term of court and upon the same day

sustained the contention of the respondents that he committed error by his ruling.  Hackworth v. Zeitinger, 48 Mo. App. 32.

*Corum & Quigley* and *Moore & Williams* for respondents.

(1)  When the trial court grants a new trial because the verdict is against the evidence, and the weight of the evidence, the appellate court will presume that the discretion of the trial court was properly exercised, and will not examine the evidence unless it appears that such action was arbitrary and unreasonable.  Richardson v. Brick Co., 122 Mo. 529; McCarty v. Transit Co., 192 Mo. 396; Young v. Ruhwedel, 119 Mo. App. 231; Herndon v. Dewey, 175 Mo. 116.  And the new trial may be granted on its own motion.  Thompson v. Thompson, 109 Mo. App. 462; Northrup v. Diggs, 115 Mo. App. 91; Nulton v. Croskey, 111 Mo. App. 22; Head v. Randolph, 83 Mo. App. 284; Harkness v. Jarvis, 110 Mo. App. 277; Harkness v. Jarvis, 182 Mo. 131; Seyp v. Hesse, 88 Mo. App. 72.  (2)  The account presented in the probate court by plaintiffs against the estate of Mrs. Parrish was properly presented as a joint account, being for joint services.  Lillard v. Wilson, 178 Mo. 159.  (3)  The note from the plaintiff, T. J. Brinton, to Mrs. Parrish, though his individual debt, was properly credited on the account presented against the estate, otherwise plaintiffs could not have taken and subscribed to the oath required by second clause of section 195, Revised Statutes, 1899.  Rankin v. Perry, 5 Mo. 501.  If the credit had not been given the administrator could have filed the note as a set-off.  Revised Statutes 1899, secs. 194, 4487; Kent v. Rogers, 24 Mo. 306; Mortland v. Halton, 44 Mo. 58; State ex rel. v. Hudson, 86 Mo. App. 501.  (4)  And if plaintiffs had no right to make such addition to their motion, and if the court had no authority to permit such addition or amendment, then such addition was undu-

thorized but did not affect the remainder of the motion. Yates v. Shanklin, 85 Mo. App. 358; Taylor v. Railroad, 163 Mo. 190. (5) The amendment of the judgment, on application of the appellant, so as to render a judgment of $3,048.65 against the plaintiff Nettie Brinton, a married woman, for the amount of a note which she had never executed and to which she was not a party, was a palpable error, appearing on the face of the record and it was the duty of the trial court to set aside its judgment, for that reason as soon as its attention was called to it. (6) The judgment must be in accordance with the pleadings and proofs, and no other can be lawfully rendered by the court. Cass v. Ross, 81 Mo. 84; Daugherty v. Atkins, 81 Mo. 411; Reed v. Bott, 100 Mo. 67; Baldwin v. Whaley, 78 Mo. 186; Hatchett v. Emerson, 73 Mo. App. 289.

JOHNSON, J.—Plaintiff Nettie Brinton and appellant Jessie Winter Brown were the daughters of Judge Thomas H. Parrish and Susan A. Parrish. At the time of his death which occurred in 1897, Judge Parrish was judge of the circuit court of Buchanan county. His widow and his said daughters were his sole survivors. He left personal property, including life insurance, of the value of about six thousand dollars and a homestead in St. Joseph, all of which he devised by his will to his widow. Mrs. Parrish died intestate at Tipton, Moniteau county, November 19, 1907, leaving her said daughters her sole heirs. Her estate consisted of personal property valued at about four thousand dollars and the real estate in St. Joseph left by her husband. From July, 1901, to the day of her death, Mrs. Parrish lived with the Brinton family and her son-in-law, T. J. Brinton, acted as her agent in business affairs. In 1902, while living with the Brintons at Kansas City, she suffered a stroke of apoplexy accompanied by paralysis of her left side and, thereafter, to her death, was an in-

valid. After her death, letters of administration were issued by the probate court of Moniteau county to A. J. Thomas who qualified as administrator and took charge of her estate. Among her papers, the administrator found a promissory note of $3,059.60, dated March 18, 1907, executed to Mrs. Parrish by plaintiff T. J. Brinton. This action was begun in the probate court of Moniteau county by plaintiffs T. J. and Nettie Brinton on the following demand:

"The Estate of Susan A. Parrish, deceased,
    "To T. J. Brinton and Nettie Brinton, Dr.:
"To board, washing, &c., for 26 weeks, from
    July 1st, 1901, to January 18th, 1902,
    at $4.00 per week ................ ..........$   104.00
"To board, washing, nursing and care of
    said Susan A. Parrish, while a helpless
    invalid, from January 18th, 1902, to
    November 19, 1907, being five years and
    ten months, or 306 weeks at $25.00 per
    week ...... ..... ........ ........   7,650.00
"To two tickets to St. Joseph and one ticket
    to return ....... ........ .........   10.95

                       $  7,764.95
"Credit by note dated March 18th, 1907, pay-
    able to Mrs. Ann Parrish, signed by T.
    J. Brinton, for balance due ..........   3,059.60
        "Balance due ....... ..........$   4,705.35"

No answer was filed in the probate court but the allowance of the demand was resisted by Mrs. Brown, the remaining heir. Plaintiffs were successful in that court and Mrs. Brown appealed to the circuit court where the cause was tried to a jury at the May term, 1908. The verdict returned May 7th was "for the defendant in the sum of three thousand forty-eight

($3.048.65) dollars and sixty-five cents." On the same day, the court entered judgment on this verdict as follows: "It is therefore by the court ordered, adjudged and decreed that the defendant A. J. Thomas, administrator of the estate of Susan A. Parrish, deceased, have and recover of the plaintiff, T. J. Brinton, the sum of three thousand forty-eight 65.100 dollars ($3,048.65) and have execution therefor, and further that said administrator have and recover from the plaintiffs the costs in the case and have thereof execution."

On the next day at the same term of court plaintiffs filed a motion for a new trial, assigning a number of errors as grounds for the relief asked. On August 1st following, and during an adjourned session of the May term, Mrs. Brown filed a motion to correct the judgment, the object of the movant being to have judgment rendered in favor of the administrator against Mrs. Brinton as well as against her husband, T. J. Brinton. This motion and the motion of plaintiffs for a new trial were taken under advisement until the following term of court. At that term, the court sustained Mrs. Brown's motion and rendered the following judgment: "It is therefore by the court ordered, adjudged and decreed that the defendant, A. J. Thomas, administrator of the estate of Susan Ann Parrish, deceased, have and recover of the plaintiffs, T. J. Brinton and Nettie Brinton, the sum of three thousand forty-eight 65-100 dollars ($3.048.65) and the costs in the case, and have thereof execution."

The proceedings following the rendition of this judgment thus are stated in the record: "That, thereafter, towit, the said 8th day of September, 1908, the plaintiffs, by their counsel, leave of court first had and obtained, amended their motion for a new trial heretofore filed in this cause, which amended motion for a new trial is as follows, towit:

"Come now the plaintiffs and move the court to set aside the verdict of the jury in the above cause and

grant them a new trial, for the following reasons: First—Because the verdict is against the law as declared by the court. Second—Because the verdict is against the evidence and against the weight of the evidence. Third—Because instructions numbered — and — given by the court at request of appellant against the objection of plaintiffs are incorrect. Fourth—Because the verdict of the jury against the plaintiffs not allowing them anything for six years' service in boarding, nursing and caring for deceased, shows said verdict to be the result of bias and prejudice on the part of the jury against the plaintiffs. Fifth—Because Mr. Gabbert, attorney for appellant, in his opening statement to the jury, stated to them that the offset to plaintiff's demand, consisting of a note given by the plaintiff, T. J. Brinton to deceased, was made up of checks forged by T. J. Brinton, which was untrue, and was not an issue in said cause, and had a tendency to and did prejudice the jury against the plaintiffs. Sixth—Because said Gabbert, on numerous occasions, during the progress of the trial, referred to said note and set-off as consisting of moneys of the deceased, which had been drawn on forged checks or orders, all which references were contrary to the rulings of the court and had a tendency to, and did prejudice the minds of the jury against the plaintiffs. Seventh—Because, during the trial of this cause, one—Brown, the husband of appellant, living in St. Joseph, filed an affidavit there, on which a warrant was issued against the plaintiff, T. J. Brinton, on which warrant an officer of that city arrested said plaintiff during the trial of the cause, for the sole purpose of creating a sentiment against the plaintiffs. Eighth—Because it has come to the knowledge of plaintiffs' counsel, since the trial of said cause, that deceased had distributed a considerable amount of her estate prior to her death, which was not known to them prior to the trial, but was known to the appellant, who was a distributee and which accounts in large measure for the shrinkage

of said estate, which fact was largely dwelt upon by counsel for appellant in his argument to the jury. Ninth—Because upon the law and the evidence, the verdict should have been for the plaintiffs. Tenth—Because the court erred in rendering a verdict against the plaintiff, Nettie Brinton, for the amount of the note of T. J. Brinton to Ann Parrish, to which note she was not a party."

"And now here on said 8th day of September, 1908, during the regular September, 1908, term, the plaintiffs, by their counsel, leave of court first had and obtained, refile in said cause their motion for a new trial herein as amended."

The amendment to the motion consisted of the addition of the tenth ground which related to the alleged error of the court in rendering judgment against Mrs. Brinton for the amount of her husband's note. No objection was interposed by appellant to any of these proceedings. Afterward, the court sustained plaintiff's motion for a new trial on the following grounds: "Because of offers of testimony irrelevant and prejudicial which affected the minds of the jury and because counsel for the defendant referred in the course of the trial to alleged forgeries committed by one of the plaintiffs, which was irrelevant and prejudicial and because the verdict of the jury is against the testimony and the weight of the testimony, and because the judgment as rendered by the court is unwarranted by the evidence and the pleadings."

Mrs. Brown brought the cause here by appeal from the order granting a new trial. Appellant contends there was no motion for a new trial before the court. She argues that the amended motion was ineffective as it was not filed within four days after the trial but was filed at a subsequent term, and that in attempting to amend the original motion, which was filed in proper time, and in refiling it as an amended motion, the original was abandoned and could not serve as a foundation for the

order granting a new trial. This argument is more ingenious than just and sound and when analyzed the inconsistency of its propositions becomes apparent. Appellant would treat the amended motion as a nullity for one purpose and as a vital thing for another purpose. As a motion for a new trial, she contends it is void because filed out of time, but that it is good for the purpose of superseding the original motion. It would be a reproach on the administration of justice should we turn a party out of court on such reasoning. The statute provides, section 803, Revised Statutes 1899:

"All motions for new trials and in arrest of judgment shall be made within four days after the trial, if the term shall so long continue and if not, then before the end of the term." It is well settled that this statute is mandatory and that neither a motion for a new trial nor an amendment thereto may be filed after the expiration of four days from the verdict. [Bank v. Porter, 148 Mo. 176; Mirrielees v. Railway, 163 Mo. 470.]

When the statutory period expired, plaintiffs had no right to file an amended motion or to amend the original, nor did the court possess any discretion in the matter. It had no authority to make an order allowing an amendment nor to permit the refiling of the motion. [Scott v. Joffee, 125 Mo. App. 573.] The entire proceeding was non-jurisdictional and void for any purpose. The rule that treats an amended pleading as a complete substitute for the original has no application here. Where the law permits pleadings to be amended, the filing of the amended pleading necessarily should be regarded as an abandonment of the original, but where the law does not suffer an amendment to be made, an amended pleading being impotent as a substitute logically should be accorded no displacing functions. We conclude the original motion afforded a legal foundation for the order granting a new trial.

One of the reasons assigned by the court for granting a new trial was that the verdict was against the

weight of the evidence. Not only is it the right, but it is the duty of the trial judge to act as the final trier of fact and where on weighing the evidence, he becomes convinced that the verdict is not supported by the weight of the evidence, he should prevent the accomplishment of injustice by setting it aside.

Appellate courts appreciate the advantages of the position of the trial judge, derived from the confrontment of parties and witnesses, and do not undertake to control him in the exercise of this important function unless it clearly appears that he has abused his right, has not exercised discretion, but has acted arbitrarily or oppressively. Consequently, when the record discloses that the action of the court in setting aside the verdict on the ground under consideration is supported by substantial evidence and that the evidence will permit a reasonable mind to indulge in the conclusion reached by the court, his exercise of discretion will not be disturbed. [Richardson v. Brick Co., 122 Mo. App. 529; McCarty v. Transit Co., 192 Mo. 396; Young v. Ruhwedel, 119 Mo. App. 231; Herndon v. Lewis, 175 Mo. 116.]

Appellant does not controvert this rule, but does insist that the demand of plaintiffs is not supported by substantial evidence. The evidence adduced by plaintiffs tends to show that Mrs. Parrish was a helpless invalid requiring constant attention; that plaintiffs supported her and cared for her in a manner to earn her approbation and gratitude and while there is no evidence of an express contract, there is evidence that there was a mutual understanding and intention that the services were not to be gratuitously rendered but were to be reasonably compensated by the recipient. It did not devolve on plaintiffs to prove an express contract in order to support their demand. A contract for reasonable compensation should be implied from the fact that services were rendered under an agreement or mutual understanding that they were not gratuitous but were to be paid for. There is much in the evidence to impress a reasonable

mind with the belief that the services were not accepted
by Mrs. Parrish as services for reward but were regard-
ed by her as the response on the part of plaintiffs to the
promptings of filial duty and affection.   [Kostuba v.
Miller, 137 Mo. 161.]   But there is also room in the evi-
dence for the opposite conclusion, and for the reasons
above stated  we defer to the judgment of the trial judge
who faced the parties and witnesses and whose duty it
was to weigh the evidence.

The fact that plaintiff, T. J. Brinton, gave Mrs.
Parrish a note for money he owed her at the time when
plaintiffs claim Mrs. Parrish owed them jointly a sum in
excess of the amount of the indebtedness is a fact to be
considered by the triers of fact, but by no means is it to
be taken as conclusive proof of the absence of an under-
standing on the part of Mrs. Parrish to pay for the ser-
vices.   We think there is not an improper joinder of par-
ties plaintiff.   The evidence of plaintiffs shows that the
services rendered by husband and wife were about in
equal parts.   They were jointly rendered and it was
proper for plaintiffs to join in an action for the re-
covery of compensation for them.   [Lillard v. Wilson,
178 Mo. 145.]

What we have said disposes of the appeal adversely
to the contention of appellant, but in view of a retrial of
the action, other points should be decided.

In admitting the indebtedness of T. J. Brinton to
the estate, evidenced by the note he gave Mrs. Parrish,
plaintiffs removed that indebtedness from the debatable
issues of the case and the judge was right in refusing the
offer made by appellants which tended to show how that
indebtedness originated.   Counsel for appellant should
not have been permitted to discuss that subject in his
argument to the jury.   It may be true that Mrs. Parrish
did not voluntarily become Brinton's creditor, and that
the debt was wrongfully created by him without her
knowledge and consent, but in accepting the note, she
forgave the offense and treated the indebtedness as an

ordinary loan. · If plaintiffs were denying the indebtedness, the proof offered by appellant would have been competent and relevant, but with the issues as presented by the demand, the proof was clearly irrelevant and could have been offered for no other purpose than that of inflaming the minds of the jury against the plaintiffs.

The learned trial judge erred in modifying the judgment. There is no merit in the argument of appellant that in allowing her husband's note to be credited on the joint demand of plaintiffs, Mrs. Brinton assumed the payment of the note. Should another trial result in a verdict for the estate, no judgment should be rendered against Mrs. Brinton except one for costs.

The judgment is affirmed. All concur.