CHARLES LAMBERT et al., Respondents, v. FRANK T. HODGDON, Administrator, Appellant.

St. Louis Court of Appeals. Argued and Submitted January 9, 1913. Opinion Filed March 1, 1913.

1. APPELLATE PRACTICE: Conclusiveness of Verdict. A verdict supported by substantial evidence will not be disturbed on appeal.

2. EXECUTORS AND ADMINISTRATORS: Claim for Nursing: Sufficiency of Evidence. In an action by a husband and wife against the administrator of the estate of the husband's deceased grandmother, for nursing, caring for and boarding decedent, *held* there was substantial evidence supporting a verdict for plaintiffs.

3. HUSBAND AND WIFE: Actions: Parties: Joinder. A husband and wife who render joint services in nursing, caring for and boarding a person may join as plaintiffs in an action to recover compensation therefor.

4. ESTOPPEL: Evidence: Declarations Construed. In an action by a husband and wife against the administrator of the estate of the husband's deceased grandmother, for services in nursing, caring for, and boarding decedent, a letter written by the wife stating, "If I ever said anything about coming into possession of much or little when Grandma was laid to rest, I can't recollect when it was, for I never even thought of coming into possession of one thing at that time, for by the time that she has it equally divided with eight or nine children, I don't believe any one would be rich," did not, as a matter of law, estop her or her husband from making a claim against the estate for their services.

5. **EXECUTORS AND ADMINISTRATORS: Claim for Nursing: Instructions.** In an action by a husband and wife against the administrator of the estate of the husband's deceased grandmother, for services in nursing, caring for, and boarding decedent, with whom and upon whose farm plaintiffs had lived, the court charged that, if there was a mutual understanding that plaintiffs were to be paid, the damages must be assessed at such sum as the services were reasonably worth, less an amount plaintiffs gave the estate credit for, for rent of the farm, and also charged that as plaintiffs and their grandmother were members of the same family, the law presumed the services were gratuitous and the burden of rebutting such presumption rested on plaintiffs, and that, before a verdict could be found for them, the jury must believe that, when the services were rendered, there was an expectation on their part to receive pay therefor and on the part of the grandmother to pay therefor. Defendant contended, on appeal, that the item of rental was credited for its effect on the jury, and not in good faith, and that the first instruction recognized the relationship as that of landlord and tenant, thus defeating the presumption that the services were gratuitous, arising from the family relation. *Held,* that the first instruction was not prejudicial to appellant for the reasons assigned.

Appeal from Hannibal Court of Common Pleas—*Hon. William T. Ragland,* Judge.

AFFIRMED.

*Hays & Heather* for appellant.

(1) On the assumption there was an implied contract to pay for board, which appellant denies, the cause of action therefor accrued to Charles Lambert alone, and he must bring his separate action therefor. Nelson v. Railroad, 113 Mo. App. 659; Clark v. Zane, 148 S. W. 968; 15 Ency. Pl. & Prac., pp. 539, 580, 733. (2) If Mollie Lambert performed extra nursing and services for decedent outside of the line of her domestic duties and was entitled to compensation by an implied contract, such earnings were her separate estate for which she alone may maintain action. Lillard v. Wilson, 178 Mo. 159; Eisiminger v. Stanton, 129 Mo.

App. 403; Nelson v. Railroad, 113 Mo. App. 659; Kirkpatrick v. Railroad, 129 Mo. App. 524; Clow v. Chapman, 125 Mo. 101; Macks v. Drew, 86 Mo. App. 224; 15 Ency. Pl. & Prac., pp. 539, 580, 733; Clark v. Jane, 148 S. W. 968. (2) Instruction No. 2 given by the court of its own motion contained prejudicial error. It omitted the essential element of an intention to charge or an expectation to receive pay. This element has always been held to be essential when the family relationship exists. Louder v. Hart, 52 Mo. App. 377; Bittick v. Gilmore, 53 Mo. App. 53; Finnell v. Gooch, 59 Mo. App. 209; Brock v. Cox, Admr., 38 Mo. App. 40; Ratcliff v. Lumpee, 82 Mo. App. 334; Green v. Buchanan, 129 Mo. App. 297; Woods v. Land, 30 Mo. App. 176. While said instruction purported to cover the whole case, it in effect adopts plaintiffs' theory that the relation of landlord and tenant existed which defendant denied, and peremptorily directs the jury to fix the rents at an arbitrary sum fixed by plaintiffs in their demand, thus entirely shutting out legitimate defenses based on the testimony and the situation itself, that gratuities were intended by all parties or that it was agreed that the use of the dwelling should offset the board and services. Paxson v. Pierce, 25 Mo. App. 59; Toncrey v. Railroad, 129 Mo. App. 596; Kroge v. Modern Brotherhood, 126 Mo. App. 693; Lederer v. Morrow, 132 Mo. App. 438; Bolles v. Street Railway, 134 Mo. App. 696; Fink v. Phelps, 30 Mo. App. 431; Halpin Mfg. Co. v. School Dist., 54 Mo. App. 371; State v. Hecox, 83 Mo. 531; Womack v. Jenkins, 128 Mo. App. 412. (3) Defendant's demurrer to the evidence offered at the close of all the evidence in the case should have been given. Because plaintiffs expressly declared it was not their intention to charge, and a contract cannot be implied contrary to their admitted intention. That such declarations were made was not controverted. Bittick v. Gilmore, 53 Mo. App. 53; Kinner v. Tschirpe, 54 Mo. App. 575.

*M. L. Farres* and *Charles E. Rendlen* for respondent.

(1) Where services are jointly rendered by husband and wife, it is proper for them to join as plaintiffs in an action to recover compensation for such services. Brinton v. Thomas, 138 Mo. App. 64; Fry v. Fry, 119 Mo. App. 476; Park v. Railroad, 58 S. E. 931; Johnson v. Erado, 50 S. W. 139; Rennells v. Hewitt, 10 Mo. App. 593. (2) This case was properly submitted to the jury. Even though the family relation should be found to exist, plaintiff does not have to prove an express contract, it may be implied from circumstances in evidence. Whether there was an implied contract of compensation, or whether it was a mere gratuity are questions to be determined by the jury upon the evidence. Lillard v. Wilson, 178 Mo. 154; Hart v. Hart's Adm., 41 Mo. 441; Allen v. Allen, 101 Mo. App. 676; Reando v. Misplay, 90 Mo. 251; Fry v. Fry, 119 Mo. App. 476; Cupp v. McCallister, 144 Mo. App. 111; Brinton v. Thomas, 138 Mo. App. 64; Shannon v. Carter, 99 Mo. App. 134. (3) The court did not err in giving instruction No. 2. The sole question tried in the trial court as appears by the record was whether the board and services were furnished gratuitously or under an implied agreement to pay for them. This was theory all parties tried case upon; only one upon which either party asked, or the court upon its own motion gave, instructions. Appellant contended matter of rent was not germane or in the case. Both parties acted upon such theory. Appellant cannot now assert the contrary. Stepps v. Livingston, 72 Mo. App. 180; Querbach v. Arnold, 55 Mo. App. 286; Land Co. v. Zeither, 182 Mo. 251; Harper v. Moore, 114 Mo. 317; 2 Cyc., pp. 670-71; Forest v. Rogers, 128 Mo. App. 89; Reed v. Morgan, 100 Mo. App. 720; 2 Cyc. 275.

REYNOLDS, P. J.—Plaintiffs, husband and wife, filed their demand in the probate court of Marion county, the demand duly verified, the account accompanying the demand embracing items for nursing and care and board of one Mrs. Mary Lambert, deceased, also for work done about the farm, including also an assigned account of one Joseph Lambert, the total amount being $4173.11. Credit of $1900 for rent for fourteen and a half years is given.

At a trial before the court and a jury in the probate court, judgment was rendered in favor of plaintiffs, the account allowed and classified as in the fifth class. Defendant, as administrator, appealing from this to the Hannibal Court of Common Pleas, the case was there tried anew to a jury. At the trial in the latter court and by an instruction of the court all the items of the account, except those for nursing and extra care on account of the blindness, partial and total, of Mrs. Mary Lambert, and for board furnished her by plaintiffs from June, 1896, to June, 1910, were withdrawn from the consideration of the jury. The items of the account of Joseph Lambert and assigned by him to plaintiffs were withdrawn by plaintiffs. In addition to these items plaintiffs dismissed as to other items amounting to $462.41. The jury returned a verdict in favor of plaintiffs in the sum of $2250 less $1080, making a total of $1170, for which judgment followed. In due time defendant, filing his motion for new trial and also one in arrest and excepting to their being overruled, perfected an appeal to this court.

This case was so clearly one for the determination of the jury that we cannot disturb their verdict, if there is any substantial evidence to support it, unless the jury were misdirected.

It is assigned as error by the learned counsel for appellant that there is no evidence whatever to support the verdict. Examining that evidence we cannot agree to this. There was substantial evidence on the

part of respondents in support of those items of the account which went to the jury.

Counsel further charge that the verdict is against the weight of the evidence. That is a proposition to be dealt with by the trial court, not by the appellate court.

It is further claimed that the evidence shows that while these plaintiffs sued as on joint contract, the evidence shows several and separate contracts, one on the part of the wife and one on the part of the husband, provided there is any contract at all, and provided the services were not gratuitous. We cannot agree to this assignment. To the contrary, the evidence all goes to prove that the services were rendered jointly by the husband and wife and were not several. They were rendered in caring for their grandmother and were of such character as to make it practically impossible to separate those of one from those of the other, even if that were required in a claim by husband and wife. It has been many times decided by our courts that where like services were jointly rendered by the husband and the wife, they may properly join as plaintiffs in an action for the recovery of compensation for those services. In a case in which the account in issue and the services rendered were practically of the same character as the one before us, that of Brinton v. Thomas, 138 Mo. App. 64, 119 S. W. 1016, the Kansas City Court of Appeals held (l. c. 75) that there was no improper joinder of parties; that the evidence of plaintiffs showed that the services rendered by husband and wife were about in equal parts; that they were jointly rendered and that it was proper for plaintiffs to join in an action for the recovery of compensation for them. This case before us was submitted by the court to the jury on the distinct proposition that these services were rendered "by the plaintiffs." The jury were distinctly told that they must find from the evidence that "the plaintiffs" rendered

the services. The character of these services and their duration were fully gone into before the jury and also the relation of the parties to each other, that is, plaintiffs were the grandchildren of the deceased, Mrs. Mary Lambert; the grandson had lived with his grandmother practically all his life and he with his wife and children had lived with her from the time of his marriage and the birth of the children until the death of the old lady. No charge for services prior to the date of the marriage appears to be included in the account.

The court, at the instance of appellant, instructed the jury that plaintiffs and the deceased, Mrs. Mary Lambert, occupied a family relation which raised the presumption that all services, if any, and board and support, if any, furnished deceased by plaintiffs were acts of gratuitous kindness, ''so that unless plaintiffs have discharged the burden resting upon them of affirmatively showing to your satisfaction by the greater weight of the evidence that at the time of the rendition of such services and furnishing of such board, there was a mutual understanding or agreement between them and deceased that they expected to charge her therefor and that she expected to pay them therefor, then defendant is under the law entitled to a verdict and your verdict should be for the defendant.''

Of its own motion the court told the jury that if they found from the greater weight of the evidence in the cause ''that the plaintiffs rendered the deceased, Mary Lambert, services by way of nursing and extra care solely on account of blindness, partial and total, and at her request from December 31, 1902, until June 1, 1910, and during said period at the request of said Mary Lambert, furnished her board, and if the jury further find that at the time such nursing, care and board were so furnished, that there was a mutual understanding between the said Mary Lambert and plaintiffs, that she, said Mary Lambert, was to pay for the same, their verdict should be for the plaintiffs, and

you should assess plaintiffs' damages at such sum, not exceeding $2250, as you find from the evidence such services for nursing and care, and such board were reasonably worth, less the sum of $1080, admitted by plaintiffs to be due the estate of said Mary Lambert for rent.''

Surely these are as favorable to defendant as could possibly be asked.

The evidence against the claim principally relied upon by appellant is a clause in a letter written by Mrs. Mary Lambert, one of the respondents, to a. cousin. The clause in that letter which it is claimed by appellant entirely defeats the right of recovery is. this: ''Now, Rosa, if I ever said anything about coming into possession of much or little when Grandma. was laid to rest, I can't recollect when it was; for I never even thought of coming into possession of one. thing at that time, for by the time that she has it. equally divided with eight or nine children, I don't believe any one would be rich; and I feel that you have almost done me an injustice in surmising such things.''

Certainly there is nothing in this clause in itself to disclaim an intention to charge for services rendered by herself and husband. Moreover, it was before the jury in connection with other evidence in the case and a. matter for them to determine as a matter of fact whether in consideration of the relation of the parties. or their correspondence with each other, these amounted to an estoppel against Mrs. Lambert or her husband for making a claim against the estate. The natural inference from the letter itself is that it referred to the division of the estate after the death of the grandmother, that estate, as a matter of course, then being what remained after the payment of debts. But this letter, as before said, was before the jury; unaccompanied by any of the other correspondence which there appears to have been between the parties; it is not in itself of such character as to enable us to.

declare, as a matter of law, that it debars respondents from a recovery.

It is further complained by counsel for appellant that by the first instruction we have quoted and which the court gave of its own motion, the question of the rental of the farm was taken away from the jury and that it prejudiced the presentation of the case to the jury by appellant, counsel claiming that this instruction given by the court of its own motion, in that it "declared as a matter of law that the landlord and tenant relation existed between the parties, contradicted and nullified instruction No. 3 in the latter's application of the presumption arising from the family relation. In the conflict the jury naturally followed the peremptory instruction." The plaintiffs charged themselves with rental and gave credit for it and when plaintiffs undertook to prove the rental this occurred: A witness for plaintiffs being on the stand was asked "what the rent for a house similarly situated as that one, is reasonably worth or rented for over there?" The witness answered that he did not know. Whereupon counsel for defendant, appellant, objected, "for the reason that there is no evidence of any contract that Charles Lambert and wife were to pay reasonable rent for the property; and it is not germane to any issues raised by the pleadings in the case." The objection was sustained. Counsel for appellant further claim in this assignment that putting in the item of rental or the value of the occupancy of the house by plaintiffs during the period referred to, was for mere effect on the jury; that entering it as a credit was not a bona fide, genuine, transaction and that hence this instruction No. 3 was prejudicial to appellant, in that by it the court recognized the plaintiff Charles as a tenant. Instruction No. 3, above referred to, given by the court of its own motion, was to the effect that plaintiffs and their grandmother, during the period that plaintiffs alleged they furnished her with nursing, care

and board, were members of the same family and that
the law presumes the services and board so furnished
to deceased, if such is the fact, were furnished gratui-
tously, and the burden of rebutting such presumption
by the greater weight of evidence rests on the plain-
tiffs; "and before you will be.authorized to find a ver-
dict for the plaintiffs you must find and believe from
the evidence in the case that at the time the services
and board, if any, were furnished, there was an ex-
pectation on the part of plaintiffs to receive pay for
such services and board and on the part of the said
Mary Lambert to pay for the same." This instruction
is even stronger in favor of appellant than the second
instruction given by the court of its own motion and.
we are unable to see how by any possibility it can be
construed as prejudicial to appellant for the reasons
urged in this assignment.

Upon the whole evidence and on consideration of
the proceedings at the trial of the cause and of the
manner in which it was submitted to the jury, we find
no reversible error.

The judgment of the circuit court is affirmed.
*Nortoni* and *Allen, JJ.,* concur.