## HARVEY WILLIAMS v. CIRCUIT COURT OF ST. LOUIS COUNTY.

1. A motion for a new trial cannot be entertained after the lapse of four days from the trial; but the court, upon suggestion of counsel or otherwise, has the *power* to grant a new trial, even after the expiration of that time, for reasons appearing to the court; the sufficiency of which reasons may, however, be brought up by writ of error. TOMPKINS, Judge, dissenting.
2. McGIRK, Judge.—Held, where the motion was made within the four days, the court might allow the reasons to be filed after the expiration of the four days, but if neither motion nor the reasons for the motion be filed within the four days, the power of the court over the subject ceases.

*H. R. Gamble*, counsel for plaintiff in error:

1. It is utterly denied that, in this country, a court has any power to set aside a verdict of a jury when no person complains of it, particularly in a civil cause.

2. The law referred to has no application to the present case.

3. The statute referred to gives authority to the court to amend what the preceding section, which is substantially a statute of jeofails, would cure, and does not apply to this case.

4. The judge in this reason begs the question. It can-

not on this record be seen what effect the discretion exercised by the judge against the requisition of the law had upon the right and justice of the case.

5. The fact that a person who is counsel in fifty causes in court, is in the court-house when an illegal act is done by the court against one of his clients, does not surely cut off all right of that client.

6. We know of no provision of law which makes the court counsel for the parties, or authorizes a court to direct the action of attorneys, or dispense with action which the law requires.

7. That the statute is just as imperative that a motion for a new trial shall be accompanied by reasons, as that a declaration shall be filed before a writ issues; and the court is to decide upon the reasons filed, and not on other reasons—1 Mo. Rep. 718.

8. When the constitutional triers of the issues of fact find a verdict for a party, the judge has no authority to dispense with what the law requires as a preliminary step to his having any right to disturb the verdict—Tidd's Practice, 820; 5 T. R. 436; 3 Chitty's Practice, 50, 51.

*H. S. Geyer*, counsel for defendants in error:

The circuit court has a jurisdiction and power, on the subject of new trials, as extensive as that of the King's Bench; and it is an incontestible rule of law, that the circuit court has a power to grant a new trial *in any case not prohibited by express law.*"

In England, the time of making an application for a new trial is limited by a rule of court; in this country, by statute. If the courts have power to make such rules, they have, until altered or repealed, all the binding force of a statute—King v. Holt, 5 T. R. 436.

In this case, the record shows that the motion was made *within the four days* after the trial; the time of filing the specifications was prolonged by the court; the reasons were filed according to the leave given, and when the motion was considered by the court, it was accompanied with the reasons—Doug. Rep. 1, 2. 1 John. Cases; 15 T. R. 1, and 3 Mo. R.; Bac. vol. 6; 1 East.

EDWARDS, Judge, delivered the opinion of the court.

One Gabriel H. Barbour commenced an action in the St. Louis circuit court, against Harvey Williams, by petition in debt on a promissory note. Williams pleaded that the note was obtained by fraud; and on this plea

JUNE TERM, 1838.

Williams
v.
Circuit Court
of St. Louis co.

Barbour joined issue, and the jury found a verdict for Williams. The day after the verdict was rendered by the jury, Barbour, by his counsel, moved the court to set aside the verdict, and to grant a new trial; at the same time stating to the court that he would file his reasons for the new trial at some other time. The court then gave leave to the counsel to file his reasons for the new trial at a future day. On the tenth day after the verdict was rendered, Barbour filed his reasons for setting aside the verdict, and the court sustained the motion and granted a new trial. At the last term of this court, Williams, by his attorney, moved the court to award a writ of mandamus to the circuit court of St. Louis county, commanding that court to enter judgment in his favor on the verdict of the jury found in the action of Gabriel H. Barbour against the said Williams, and filed a transcript of the record in said cause. On this a mandamus was awarded, commanding the circuit court to enter a final judgment upon the verdict of the jury in said cause, or to show cause to the contrary at the next term of this court. The circuit court refused to enter up judgment as commanded, and returned the reasons for this refusal.

The first matter that will be considered upon this statement of the case, is the origin of the power of our circuit courts to grant new trials under any circumstances. In England, the courts exercise it as a common law power, and according to their sound discretion; and in every description of case, civil and criminal, when substantial justice has not been done, unless they are prohibited from exercising it by law, or prevented by an unreasonable lapse of time. But although the courts are to some extent unrestricted in their power to grant new trials, yet the rule of court there requires "that all objections to the verdict, intended to be made by the *party interested*, must *regularly* be made within the first four days of the term"—Rex v. Holt, 5 T. R. 438; and every motion for a new trial must be made within four days, exclusive, after the entry of a rule for judgment—2 Tidd's Prac. 820; Douglas, 171, 797; and the same rule applies both to civil and criminal cases. In construing this rule, a distinction seems to be drawn between the rights of a party to move for a new trial, and the *power* of the court *to grant a new trial*. The rule limits the *right* of the party to *move* for a new trial to four days, but leaves the *power* of the court to *grant* a new trial as it existed before the adoption of the rule.

As regards the power of granting new trials in crimi-

nal cases, after the four days have expired, in the case of King v. Holt, Lord Kenyon says: "I well remember the case of the King v. Gough, where the objection to the verdict was taken by the court themselves, who thought that substantial justice had not been done. And there are not wanting other instances of the same kind, where the court in criminal cases have shown themselves anxious to be satisfied whether or not the defendant had been properly convicted, without any motion of the party for that purpose. This was done by Lord Mansfield, in the King v. Morris, and the same has often occurred in other cases." "If the counsel have any thing to offer, in order to show that justice has not been administered to the defendant in this instance, the court will readily hear it." Ashhurst, J., in the same case, says that "the rule with regard to *the time* of moving for new trials, seems now to be the same in criminal as in civil cases. But though that be the general rule, when the court see reason to suspect that justice has not been done to any particular defendant, they will, in their discretion, direct a further inquiry into the merits of the cause." Grose, J., in the same cause, says that "though the rule be settled that, after the first four days, the defendant cannot move for a new trial, whenever the court have seen of themselves, or on the suggestion of counsel, that the defendant has been improperly convicted, they always have interposed to prevent judgment from being passed on an innocent man."—5 T. R. 436. In Tidd's Practice, it is said, "where the court have seen of themselves, or it has appeared to them on the suggestion of counsel, that substantial justice has not been done, they have sometimes interposed after the regular time, and granted a new trial."—2 Tidd's Prac. 820; Doug. 171, 797. In the case of Rex v. Atkinson, where the four days had expired, Lord Mansfield said that "*no motion could be made* for a new trial, but that if it came out incidentally from the report that it was proper, the court *might grant one.*" And in the same case, he said further, that "if the court conceive a doubt that justice is not done, it is *never too late* to grant a new trial, *but not on the application of the party.*"—5 T. R. 437, n. a. By these authorities, then, it seems that in England, under the rule of court, the party has no right to move for a new trial, in criminal cases, after four days have expired; but it seems, also, that the court has the power to grant new trials when the four days have gone by; and that, in cases where substantial justice has not been done, they

JUNE TERM,
1838.

Williams
v.
Circuit Court
of St. Louis co.

will exercise that power, but, in doing so, they will not entertain a motion for a new trial, yet they will hear suggestions from the party.

In civil cases, in regard to the right of the party to move for a new trial, as before observed, the rule is the same as in criminal cases. Being the same in each description of cases, there is no good reason why it should not receive the same construction in each. It may become quite as necessary in some civil cases, in order to do substantial justice, to grant a new trial after the four days have expired, as it is in many criminal cases; and there seems, too, to be about the same necessity for restraint upon the action of the court in the one case as in the other. And thus, in England, the court has exercised the power of granting new trials after the four days in civil cases, where no motion has been made within four days; and has gone further, and even entertained a motion for a new trial, made after the time had expired, thus relaxing the rule more than had been done in criminal cases. It is said this will not be done generally, yet the court, under particular circumstances, will permit a new trial to be moved for after the four days have expired—Harrison's Digest, 1531; 1 Doug. 171. Yet in civil, as well as in criminal cases, the court seems rather disposed to act upon the suggestion of the party, than to entertain a motion for a new trial. But whatever may be the practice in regard to the right of the party to make the motion, it seems clear that the court has the power to grant new trials in civil cases, where no motion has been made within four days, and that, under particular circumstances, they will exercise that power. So much for the practice in England.

On the subject of granting new trials, our circuit courts derive no power either from our constitution or from any statute law of our State. Their power, then, is derived from the common law; and being derived from the same source, is the same in extent as the power exercised by the courts in England, except where our statute has imposed some limit. The only limit is in the second section of the seventh article, under the head of Practice at Law, R. C. 1835, page 470, which provides that " only one new trial shall be granted to either party, except, first, when the triers of the fact shall have erred in matters of law; or, second, where the jury shall be guilty of misbehavior." The first section of this article is applicable to the *right* of the *party* to make the motion for a new trial only. The words of the law are these:

" *all motions* for new trials shall be made within four days after the trial."—R. C. 1835, sec. 1, p. 469. It does not say no new trial shall be granted unless the motion be made within four days. If the legislature had intended to limit the power of the court, they would have used language similar to this: " *no new trial shall be granted,* unless the motion for it be made within four days after the trial;" but the language of the law is very different, and bears a construction very different. It is similar to the rule of court in England in its language. It limits the *right* of the *party,* in making his motion, to four days, and does not operate upon the power of the court in granting new trials. It will not, however, bear a construction so liberal as that which has been given to the rule of court in England. There, in civil cases, they will even entertain motions for new trials after the four days have expired, in some particular cases; but, under our rule, beyond all question, the party has no right in any case to make his motion after four days have gone by; yet, on a suggestion that substantial justice has not been done, the court may, as in England, look into the case, and grant a new trial, if required to further justice. But this power would certainly never be exercised when both parties were content with the finding of the jury. It seems, then, that in our courts the right of the party to move for a new trial ceased at the expiration of four days from the trial; and that the court may grant new trials after the expiration of four days, even where no motion has been made within the four days; but that a verdict will not be disturbed when both parties are content.

In the case under consideration, the plaintiff moved for a new trial, on the day after the trial, and asked leave to file his reasons at a subsequent time, and the court granted the leave; and on the tenth day after the trial, the plaintiff filed his reasons. By our law, "all motions for new trials shall be made within four days after the trial," and every such motion shall be accompanied by a written specification of the reasons upon which it is founded"—R. C. '35, sec. 1, p. 469. Whether the legislature meant here, that the motion and the reasons should be filed at the same time—that they should start together —that they should accompany each other from the making of the motion to the trial of the motion, or whether they intended that they should meet some where between the two points and accompany each other to the trial, seems to be some what doubtful. The law does not say,

JUNE TERM,
1838.

Williams
v.
Circuit Court
of St. Louis co.

in so many words, that they shall be filed at the same time, but as they are intended for the benefit of the opposite party, the better opinion seems to be, that the reasons should be filed at the same time of filing the motion; and that they should be filed at all events within the four days, and that it will not be sufficient to file them after that time It is true, that under the first section of the 6th article of Practice at Law, the court would have power to amend the motion, or the reasons, at any time before final judgment rendered in the cause; but it is not clear that, under the pretence of amending the motion, the court can permit reasons to be filed as amendments, where no reasons have been filed within four days to be amended. The motion will not form the nucleus to which the reasons can be attached by way of amendment after the four days have gone by. If it be contended that the motion and reasons are parts of the same thing, then they must be filed together, and at the same time; and if they were parts of the same thing, a motion without reasons would in that case not be such a motion as our law contemplates. But the motion and reasons seem to be distinct things. When there is no motion, then there can be no amendment of a motion, and where there are no reasons there can be no amendment of reasons; and reasons cannot be added to a motion as an amendment of the motion; *vice versa.*

*A motion for a new trial cannot be entertained after the lapse of four days from the trial; but the court, upon suggestion of counsel or otherwise, has the power to grant a new trial even after the expiration of that time, for reasons appearing to the court; the sufficiency of which reasons may, however, be brought up by writ of error. TOMPKINS, Judge, dissenting.*

The sum of the whole matter, under our laws, then, seems to be this: a party sleeps upon his rights until the time allowed him by law to make his motion for a new trial expires; he can no longer claim to make the motion *as a matter of right;* but he may afterwards suggest to the court that substantial justice has not been done him, and the court may look into the matter or not. If they refuse to grant the party a new trial, no error will lie, because no law authorized him to make the motion after the four days expired; and this is a proper punishment for neglecting to assert his rights in due time. But the court may grant a new trial, on suggestions thus made, if the peculiar hardship of the case makes it proper to do so; and when a new trial is thus granted, a writ of error will lie from the decision of the court, as in any other case where a new trial has been improperly granted; but the simple fact of granting it, when the party had made no motion within four days, will not be cause of error, unless it has been granted after an unreasonable lapse of time.

In this case the court had jurisdiction of the subject

matter.  It may or may not have erred, from any thing that appears on the face of the record.  It was the duty of the party complaining to show on what state of facts the court acted.  As he has failed to do so, we are bound to presume the strongest possible state of facts against him.  In this case, however, as the court has jurisdiction of the subject matter, it seems that its decision will not form the ground for the action of a mandamus, but the remedy must be by writ of error.  The peremptory mandamus should, therefore, be withheld.

McGirk, Judge.—In the above case, I am not entirely prepared to concur in the opinion just delivered.  My opinion is, that the circuit court has no power to set aside a verdict in a civil cause, unless the party aggrieved thereby applies to the court to do so; and that, so far as concerns the right of the party to do so, he must do it within four days, but that he may apply within four days for an extension of the time, and if his reasons for extending the time are such as in justice and equity entitle him to the extension, the court ought to grant the extension.  This I hold to be true doctrine, both regarding the motion for the new trial, and the reasons for the new trial, which I take to be separate things in their nature.

In this case, the motion was made in time, but the reasons were not made in time; within the time the party had the time extended, which I think the court had power to do, according to the equity existing for doing so.  The court, then, did the act which I think it had power to do, and I suppose was done for just reasons, and will hold it to be so till the contrary appears, which is not the case here.  For these reasons, I think the rule for a peremptory mandamus ought to be overruled.

Tompkins, Judge.—I do not concur in the conclusion to which the majority of the court has arrived in this case.  In my opinion, the circuit court has no right to extend the time for making a motion for a new trial beyond the time limited by the statute.

JUNE TERM, 1838.

Williams v. Circuit Court of St. Louis co.

McGirk, Judge — Held, where the motion was made within four days, allow the reasons to be filed after the expiration of the four days; but if neither motion nor the reasons for the motion be filed within the four days, the power of the court over the subject ceases.