SCOTT & COLBERN, Appellants, v. B. B. JOFFEE, et ux., Respondents.

Kansas City Court of Appeals, June 3, 1907.

1. **TRIAL AND APPELLATE PRACTICE: Setting Aside Judgment: Motions: Power of Court.** The trial court during the term, notwithstanding motions for new trial and in arrest may have been overruled, may vacate its judgment and its action is judicial and cannot be disturbed by the appellate court unless arbitrary and oppressive, and such action may be on the court's own motion with or without the suggestion of the defeated party; and an untimely motion for new trial may be treated as a suggestion invoking the judicial discretion of the court.

2. ————: **Special Judge: Power of.** A special judge elected under the statute during an inability of the regular judge is a *de jure* judge and has power to vacate judgments and it is immaterial by what process he reached his conclusion, and the appellate court will not interfere unless his action is capricious.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale*, Judge.

AFFIRMED.

*Chas. H. Winston* for appellants.

(1) The motion to set aside the judgment was in fact only a second motion for a new trial filed after the first motion for a new trial had been heard by the court and had been overruled, and the court had no power to set aside the judgment and grant a new trial on such motion filed after the lapse of more than four days after the rendition of the judgment. Bank v. Porter, 148 Mo. 176; Mirrielees v. Railroad, 163 Mo. 470; Railroad v. Mirrielees, 182 Mo. 144; State ex rel. v. Adams, 84 Mo. 310; St. Joseph v. Robinson, 125 Mo. 1; Maloney v. Railroad, 122 Mo. 106; Bank v. Bennett, 138 Mo. 494; State v. Brooks, 92 Mo. 542. (2) Hon. T. J. Seehorn, sitting as special judge in said court, had no power or authority in law to set aside the previous order of Hon. W. B.

Teasdale the trial judge overruling defendant's motion for a new trial. That motion for a new trial was not then before the court for it had already been heard and overruled by the trial judge Hon. W. B. Teasdale, on June 16, 1906. Bank v. Graham, 147 Mo. 256; R. S. 1899, sec. 1679; R. S. 1899, sec. 731; Mirrielees v. Railroad, 163 Mo. 491; State ex rel. v. Adams, 84 Mo. 310; State v. Dreher, 137 Mo. 23; Field v. Matson, 8 Mo. 686; Gehrke v. Jod, 59 Mo. 522; R. S. 1899, sec. 803.

*G. B. Silverman* for respondent.

(1) The trial court ought to exercise the power of granting a new trial whenever in its judgment, unfair advantage has been obtained at the expense of justice. Schmidt v. Railroad, 149 Mo. 269; Holland v. Cunliff, 96 Mo. App. 737; State v. Hunter, 171 Mo. 435. (2) It is only when it very clearly appears that the action of the trial court has not been guided by a wise discretion that an appellate court will interfere. Kuenzel v. Stevens, 155 Mo. 280; Head v. Randolph, 83 Mo. App. 284; Hesse v. Seyp, 88 Mo. App. 66; Huston v. Thompson, 87 Mo. App. 63; Suddarth v. Lime Co., 79 Mo. App. 585. (3) In granting new trials, trial courts have large discretionary powers. Taylor v. Railroad, 163 Mo. 183.

JOHNSON, J.—The appeal in this case is prosecuted by plaintiffs from the following order: "It is hereby ordered by the court on the court's own motion that the order heretofore made in this cause overruling defendant's motion for a new trial be set aside and for naught held, and it is hereby ordered that the defendant's motion for a new trial be sustained; and it is further hereby ordered that the defendant's motion to set aside the judgment rendered herein against the defendant be and the same is hereby sustained and new trial granted upon the payment by defendant of all costs accrued to this date."

Scott & Colbern v. Joffee.

The action in which this order was made is on a contract for the recovery of the sum it is alleged in the petition defendant agreed to pay plaintiffs for the boring of a well. An answer was filed tendering the general issue and the trial of the cause was set for May 15, 1906, before the Honorable W. B. Teasdale, judge of the Jackson Circuit Court. It appears that defendant was not prepared to try the case at that time, and counsel endeavored to procure a resetting. The court would not consent to this, but stated that the case would not be called until after disposition of other cases on that day's docket. On account of them, the cause was not reached on the fifteenth and was not called for trial until the following day at about three o'clock in the afternoon. At that time plaintiffs were present with their witnesses and announced ready for trial, but no one appeared for defendant. A jury was waived, evidence was heard by the court on behalf of plaintiffs, and judgment was given in their favor in the sum asked in the petition. Afterwards, and within four days, defendant filed a motion to set aside the judgment and to grant him a new trial. The only ground assigned in support of the motion which, for present purposes, we find it necessary to state is, substantially, as follows: Shortly before the case was called for trial, the attorney for defendant, who was then at his office in Kansas City, received a telegram informing him that his mother, who was then a guest at a hotel in Excelsior Springs, had been suddenly seized with severe illness, had left on a train for Kansas City and desired him to meet her at the station. When the telegram was received, the time was near for the train to arrive, and the attorney at once dropped his business affairs and went to the railroad station in obedience to the summons which he deemed to be imperative and of supreme importance. He met his mother, took her to a hotel, engaged the services of a physician and performed other services promp-

ted by filial solicitude. He wrote and dispatched a a note to Judge Teasdale, informing the latter of the cause of his absence from court and requesting the postponement of the trial of the case, but unfortunately, it was not delivered until perhaps five minutes after judgment had been entered. The attorney did not learn of the fact that judgment had gone against his client until the following day when he immediately prepared and filed a motion for a new trial and his affidavit in support thereof. The motion was overruled.

Judge Teasdale, at the time was afflicted with the malady which subsequently caused his death. He became incapacitated for attending to the duties of his office and on June 27, 1906, the Honorable Thomas J. Seehorn was elected and qualified special judge by the members of the bar under the provisions of section 1679, Revised Statutes 1899, to discharge the duties of the office during the period covered by the disqualification of the regular judge. On the next day, defendant renewed his effort to obtain a new trial of the cause by filing a motion to set aside the judgment on the ground stated in the motion for new trial to which we have referred. The new motion was filed at the term during which the judgment was entered, was supported by the affidavit of the attorney for defendant and was opposed by affidavits filed by plaintiffs. It appears that Judge Seehorn consulted Judge Teasdale about this motion, at the latter's home, and Judge Teasdale wrote the following memorandum on the papers: "I have concluded the motion to set aside default should be sustained if defendants pay all costs in case to date, and I want you to set aside my order overruling the motion and then set aside default if costs are paid." Thereupon, Judge Seehorn, in open court, and during the term in which judgment had been given, made the order which is the subject of present complaint. The affidavits filed by defendant tend to show the existence of a

meritorious defense. Other facts appear in the record, but those stated suffice for a proper understanding of the case.

First, we will determine whether the trial court was invested with power to make the order in question, had the regular judge who tried the case continued to preside. Section 802, Revised Statutes 1899, provides that "all motions for new trial and in arrest of judgment shall be made within four days after the trial if the term shall so long continue, and if not, then before the end of the term." It is too well settled in this State to require the citation of authorities that the statutory provisions quoted must be construed to mean that all motions for a new trial and amendments thereto must be filed within the time specified in order to give to the moving party the right to have them considered. The first motion was filed by defendant in proper time and when it was overruled, his right to file either an amendment or a new motion had expired. Therefore, the second motion filed by him could not be considered by the court as a motion for a new trial, and it remains to be seen whether it could be treated as a suggestion to the court that an injustice had been committed against defendant in a matter of law which the court, in the exercise of a sound discretion, had the power to remedy. Except where restricted by statute, a trial court, possessing general jurisdiction and proceeding according to the course of the common law, has control of its judgments during the term at which they are rendered, and power to vacate them in its discretion. When convinced that an injustice has been committed against the losing party in a matter of law, the trial court vacates the judgment, its action is judicial and should not be disturbed by the appellate tribunal, unless it clearly appears that the court has acted arbitrarily and oppressively and not within the confines of proper dis-

125 App—37

cretion.    [Scott v. Smith, 133 Mo. 618; Williams v.
Circuit Court, 5 Mo. 248; Mirrielees v. Railway, 163
Mo. 470.]

To say that the trial court is without power to
vacate a judgment during the term at which it was
rendered, because the motion for new trial has been
overruled, and the losing party, on account of the lapse
of the statutory period of four days, is devoid of the
right to move again for a new trial, would be to say
that the court has no jurisdiction over the judgment
and is utterly powerless to remedy an injustice, of the
existence of which he has become satisfied. It is enough
to say that the jurisdiction which the court retains over
a cause during the term at which judgment has been
entered is complete except in so far as it has been
curtailed by statute. And the court may, of its own
motion, vacate the judgment either with or without the
suggestion of the defeated party, and may treat a mo-
tion for a new trial filed out of time as a suggestion
invoking the exercise of judicial discretion. [Williams
v. Circuit Court, supra.]

There is no statute in this State abridging the
power of the court thus to set aside a judgment on
account of error committed by the judge in a matter
of law or in one of practice. The construction placed
by the Supreme Court in State ex rel. Brainerd v.
Adams, 84 Mo. 310, on the statute now appearing as
section 801, does not apply to a case such as that be-
fore us, where the court acts on its own motion, but
at the request of the injured party. On this branch of
the case, we conclude that the regular judge, had he
been holding court, possessed the power which, in his
discretion, he could exert to prevent the accomplish-
ment of a judicial wrong.

The specal judge who, it is conceded, was elected
in compliance with the terms of the statute, became
endowed with all the powers, responsibilities and du-

ties pertaining to the office during the period covered by the disqualification of the regular judge. He was judge *de jure* of the court, and it fell within his discretion to vacate the judgment under consideration, if he believed that to permit it to stand would unjustly deprive defendant of a substantial right. He was under no obligation to the regular judge to make the order desired by the latter, but it was not error, as counsel for plaintiffs appears to think, for him to permit his judgment to be influenced by that of his predecessor. It is immaterial by what process he arrived at the conclusion that the judgment was the result of unfairness to the defendant. He could not act capriciously but, if, under all the circumstances disclosed in the showing made by the parties, he became convinced that the absence of the attorney for defendant was compelled by exigent necessity, he had the right to act on that conclusion. As an appellate tribunal, we will not undertake to substitute our judgment for that of the trial court. The discretion to be exercised belonged exclusively to that court, and finding as we do that it was not abused, no occasion appears for reversing the order. Accordingly, the judgment is affirmed. All concur.