CLARENCE WILLIAMS, by next friend, Appellant, v. KANSAS CITY SOUTHERN RAILROAD CO., Respondent.

Kansas City Court of Appeals, May 29, 1911.

1. **APPEAL AND ERROR: Motion for New Trial: Time for Filing: Discretion of Court.** Though under section 2025, R. S. 1909, a *party* has no right to file, and have the court consider, a motion for new trial after four days from the verdict; yet, if such motion be filed after that time, the court may consider the matters presented therein, in its discretionary power of granting a new trial at any time during the term.

2. ——: **New Trial: Granting by Court.** A trial court may grant a new trial of its own motion at any time during the term notwithstanding no motion has been filed by the losing party.

Appeal from Jackson Circuit Court—*Hon. John G. Park*, Judge.

AFFIRMED.

*Boyle & Howell* and *Joseph S. Brooks* for appellant.

(1) The supplemental motion for a new trial and affidavits in support were filed after the expiration of four days after the trial, and the court was without jurisdiction to grant a new trial thereon, or to allow same to be filed. R. S. 1899, sec. 80; King v. Gilson, 206 Mo. 278; State v. Welsor, 117 Mo. 582; State v. Roy, 53 Mo. 349, State v. Rockett, 87 Mo. 666; State v. Butler, 67 Mo. 63; State v. David, 159 Mo. 531; Allen v. Brown, 5 Mo. 323. (2) The newly discovered evidence was merely cumulative. (3) No diligence was shown by defendant in procuring its evidence before trial.

*S. W. Moore* and *Cyrus Crane* for respondent.

(1)   The act of the trial court in vacating and setting aside the verdict and judgment was within its power.   Hess v. Seyp, 88 Mo. App. 66; Head v. Randolph, 83 Mo. App. 284; Scott v. Smith, 133 Mo. 618; Ensor v. Smith et al., 57 Mo. App. 585; White v. Railway, 20 Mo. App. 481; Nelson v. Ghiselin, 17 Mo. App. 663; McLaren v. Wilhelm, 50 Mo. App. 658; Anderson v. Perkins et al., 52 Mo. App.527; Martin v. Tobacco Co., 53 Mo. App. 655; Insurance Co. v. Goodrich, 74 Mo. App. 355; Scott v. Joffee, 125 Mo. App. 573; Williams v. Circuit Court, 5 Mo. 248; Chandler v. Gloyd, 116 S. W. 1073. (2) The right of the court to set aside its judgment and orders during the term at which they were rendered will not be disturbed except where it is evident that the right has been arbitrarily and oppressively exercised. The presumption is that the circuit court acted fairly in setting aside the judgment.   Scott v. Smith, 133 Mo. 618; Rottman v. Schmucker, 94 Mo. App. 139; Nelson v. Ghiselin, 17 Mo. App. 663; Hewitt v. Steele, 118 Mo. 463; Mirrilees v. Railroad, 163 Mo. 470.   (3) The newly found evidence was not cumulative. Furniture Co. v. Commission Co., 127 Mo. App. 312; Investment Co. v. Hoyt, 164 Mo. 124.

ELLISON, J.—This is an appeal from the action of the trial court granting a new trial on the ground of newly discovered evidence.

On the 23d day of January, 1908, the plaintiff obtained a verdict against the defendant for personal injuries occasioned by the alleged negligence of the defendant. On the 12th day of February, 1908, defendant offered to file a supplementary motion for a new trial. On the 28th day of March following, the court made an order allowing the motion to be filed; and entered the following judgment: "And now on the 28th day of March, 1908, the court having been fully advised in the

premises, orders that defendant be allowed to file supplementary motion for new trial, and having fully considered the affidavits filed by defendant in support thereof and the oral testimony offered by defendant in support thereof, and believing that the verdict herein is unjust and unfair, orders that said supplementary motion for a new trial be sustained on account of the new evidence discovered by defendant since the trial of said cause and set forth in the affidavits and oral testimony offered in support of defendant's motion aforesaid, and for the reasons aforesaid the court, on his own motion, sets aside said verdict."

The motion itself did not contain the newly discovered evidence, but it referred to the affidavits of certain persons, on file, which were made a part of the motion.

The only question presented for our consideration is whether the action of the court in granting a new trial was error.

Section 2025 of the statute of 1909, provides that all motions for new trial shall be filed within four days after the trial. This is mandatory and it is not the right of the complaining party to file a motion, original or supplemental, subsequent to the expiration of the four days. [Bank v. Bennett, 138 Mo. 494; Scott v. Joffee, 125 Mo. App. 573; Brinton v. Thomas, 138 Mo. App. 64; Mirrieles v. Wabash R. R., 163 Mo. 470.]

But if such complaining party does file his motion after the expiration of four days, it may be considered by the court as a suggestion for the exercise of those of its common law powers which have not been restrained by the statute. Under the common law, judgments and proceedings remained in the breast of the court during the entire term and it could grant a new trial, of its own motion, at any time during the term, even though suggested by the complaining party after the expiration of four days. The question then, is what, if any, limit has been put upon the common law power by our statute?

The question arose in Williams v. St. Louis Circuit Court, 5 Mo. 248, and the three members of the court entertained different views. The facts were that a motion for new trial was filed by the complaining party within four days and leave taken within that time to file his reasons therefor, and these were afterwards filed. Judge EDWARDS' view was that if a party allows the four days to go by without filing his motion, *his* right is at an end; but the court's right is not. That the court may of its own motion grant the new trial, though no motion is filed; and that if one is filed after the time has expired, the court, if it sees proper, may treat it as a suggestion and grant the new trial; though if it refuses, the losing party would have no right to complain. Judge McGIRK did not agree. He thought the court could not grant the new trial unless a motion was filed within four days, but if it was so filed, the reasons therefor might be afterwards filed. Judge TOMPKINS took the ground that the court had no right or authority to extend the time for the motion beyond the four days. He, evidently, regarding the motions and reasons as one thing. Afterwards, in Allen v. Brown, 5 Mo. 323, Judges McGIRK and TOMPKINS again differed from Judge EDWARDS and held that a motion could not be filed after four days.

Singularly enough, the opinion of Judge EDWARDS has been since several times cited as the opinion of the court. [See Richmond v. Pogue, 36 Mo. 313, where it is seemingly adopted; and Scott v. Smith, 133 Mo. 618.]

A case so nearly like this as to control it, has recently been before the Supreme Court, in which the matters which have been briefed and argued in this case are fully considered in an opinion by Judge GRAVES, in which the conclusion is announced, as stated above, that while the parties have not the right to file a motion for new trial after four days from the verdict, yet the court itself, for good cause, in its discretion, has the power at any time during the term to grant a new trial, and that a motion filed by a party out of time may subserve the purpose of

calling the court's attention to a supposed injustice or wrong and the court's consideration of the propriety of granting a new trial thereby secured. [Ewart v. Peniston, 136 S. W. 422.] In that case, as in this, the trial court stated or recited in the order that the new trial was granted on the motion filed and its own motion.

It follows that the order of the trial court granting a new trial must be sustained. All concur.