FORTUNATO MARSALA, FORTUNATO BONADON-
NA and DORTIA MARSALA BONADONNA;
FORTUNATO MARSALA, Appellant, v. MARIA
CASAGA MARSALA, FRANCES MARSALA and
DIEGO MARSALA.

#### Division Two, June 23, 1921.

1. **PARTITION SALE: Motion to Set Aside: Time of Filing.** A mo-
tion to set aside an order approving a sale by the commissioner
in partition serves the office of a motion for a new trial, and must
be filed within four days after the order approving the sale is
entered, and if not filed within such time the trial court loses
jurisdiction to consider it.

2. ———: ———: **After Final Adjournment.** The trial court has no
inherent power to set aside a judgment after the final adjourn-
ment of the term at which the judgment is entered.

3. ———: ———: ———: **General Order of Continuance.** A general
order that "all causes, motions and demurrers now pending and
undisposed of be and they are hereby continued to the next term
of this court" does not have the effect of continuing the jurisdic-
tion of the court to set aside a judgment on its own motion, where
the motion to set aside was filed out of time at the term at which
the continuance order was made. The court can set aside a judg-
ment upon its own motion only at the term at which the judgment
was rendered.

Appeal from Jackson Circuit Court.—*Hon. Harris Rob-
inson,* Judge.

REVERSED AND REMANDED, (*with directions*).

*Julius C. Shapiro* and *Arthur N. Adams* for appel-
lant.

The circuit court was without jurisdiction to vacate
the sale, the term being past, and the motion to vacate
being filed out of time. Harkness v. Jarvis, 182 Mo.
231; Padgett v. Smith, 205 Mo. 122; Sec. 1456, R. S.

1919; State ex rel. v. Ellison, 267 Mo. 321; Jeude v. Sims, 258 Mo. 26; State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. Brainerd v. Adams, 84 Mo. 310; Scott and Colbern v. Joffee, 125 Mo. App. 573; Beecham v. Evans, 136 Mo. App. 410; Mann v. Warner, 22 Mo. App. 581.

*Warner, Dean, Langworthy, Thomson & Williams* for respondent.

(1) The motion to set aside the sale was filed during the same term of court as the report of and confirmation of sale. Fannon v. Plummer, 30 Mo. App. 25; Nickey v. Leader, 235 Mo. 30. (2) Motion to set aside sale was the proper procedure and the fact that the motion was not disposed of until a succeeding term does not affect the validity of the motion or the jurisdiction of the court to determine it. Aull v. St. Louis Trust Co., 149 Mo. 14; Higgins v. Higgins, 243 Mo. 171; Ewart v. Peniston, 233 Mo. 695; Harkness v. Jarvis, 182 Mo. 231; Hall v. McConey, 152 Mo. App. 7; Childs v. Railroad Co., 117 Mo. 414; State ex rel. v. Ellison, 267 Mo. 321; Arnold v. Arnold, 222 S. W. 1001; Bassiere's Administrator v. Sayman, 257 Mo. 303.

DAVID E. BLAIR, J.—This is an appeal from an order of the Circuit Court of Jackson County setting aside an order approving a partition sale of certain real estate made by a commissioner of that court.

The property involved is described as all of the east fifty feet of lots one and two and the east fifty feet of the north forty feet of lot three in block seventy in East Kansas, an addition to Kansas City. The interests of the parties were determined by the court and the property ordered sold by a commissioner. It is conceded that up to this point the proceedings were regular in all respects. The property was sold for $5,500, and the report of sale was approved by the court on June 12, 1919, at the May Term, 1919, of said court, and distribution of proceeds ordered in accordance with their respective interests as theretofore determined. On

August 16, 1919, or sixty-five calendar days thereafter, Fortunato Bonadonna and Dortia Marsala Bonadonna, plaintiffs below, and defendants Maria Casaga Marsala and Frances Marsala filed their joint motion to set aside the order of the court approving said sale. August 16, 1919, was during a temporary adjournment of the May Term, 1919, of said court. Said motion to set aside the sale was not acted on at said May term. As ap pears from the additional abstract of the record filed by respondents, on September 6, 1919, being the forty-third day of the regular May term, 1919, of said court, an adjournment order to court in course was entered, which provided that "all causes, motions, demurrers and other matters now pending and undisposed of be and they are hereby continued to the next term of this court." On December 2, 1919, the same being the 18th day of the November term, 1919, of said court, said motion to set aside the order approving the report of sale was sustained and such sale was set aside solely on the second ground stated in the motion, to-wit, inadequacy of sale price, the first, third and fourth grounds being found insufficient to set same aside.

Plaintiff Fortunato Marsala (appellant here) filed his motion for a new trial on the motion to set aside the sale and also in arrest of judgment, and, same being overruled, has appealed.

Numerous errors are assigned by appellant, but the view we take of the matter makes it unnecessary to consider more than one. The first assignment is that the court erred in setting aside the order approving the sale, because the motion to set same aside was filed out of time and the court lost jurisdiction of the cause after the adjournment of the May term. We think appellant is clearly right in this contention.

Section 2001, Revised Statutes 1919, provides that all pleadings and proceedings under the partition act shall be had as in ordinary civil cases. Where no independent provision is made in the partition act the general practice act governs. [Cochran v. Thomas, 131 Mo.

258, 1. c. 271.]    There is no special provision in the partition act governing the filing of motions for a new trial.

The order approving the sale and providing for distribution is the final judgment in a partition case. [Clark v. Sires, 193 Mo. 502, 1. c. 516; Murray v. Yates, 73 Mo. 13; Harbison v. Sanford, 90 Mo. 477.]    A motion to set aside the order approving such sale therefore serves the office of a motion for a new trial, and, treated as such, must be filed within four days after the trial, in this case within four days after the entry of final judgment.    [Sec. 1456, R. S. 1919.]    The motion to set aside said sale filed during the May term, but more than four days after the final judgment was entered, was too late to be treated as a motion for a new trial.    [Bank v. Porter, 148 Mo. 176; Mirrielees v. Ry. Co., 163 Mo. 470.]

The trial court has the inherent power to set aside any judgment during the same term at which it is entered, either on its own motion or acting on the suggestion of a party to the action.    The court has no such power after the final adjournment of the term at which such judgment was entered.    [Scott & Colbern v. Joffee, 125 Mo. App. 573; Bank v. Porter, supra; Mirrielees v. Railway Co., supra; Harkness v. Jarvis, 182 Mo. 231.]

The general order of the court continuing all motions to the next term of court did not have the effect of continuing the jurisdiction of the court over the case to set aside said judgment on its own motion, treating the motion filed out of time at the previous term as a mere suggestion to the court.    Motions of such character must be acted upon at the term at which they are filed.    [Childs v. Railway Co., 117 Mo. 414, 1. c. 423.]

For the reasons stated the judgment of the circuit court is reversed and the cause remanded with directions to the circuit court to vacate its order setting aside said sale and to reinstate its order approving such sale.    All concur.