## CENTRAL LIBERTY TRUST COMPANY, Appellant, v. JASON E. ROY, Respondent.

Springfield Court of Appeals, December 6, 1922.

1. **NEW TRIAL: Common-Law of Court to Set Aside Verdict at Same Term in Force, Except as Limited by Statute.** The common-law power of the court of its own motion to set aside a verdict and grant a new trial at the same term at which the verdict was returned still remains in the court under the code practice in this State, except as specifically limited by statute.

2. ———: **Court's Power to Set Aside Order Sustaining Motion for New Trial Exists Only at Same Term at Which Order was Entered.** If the power of the court of its own motion, acting upon a mere suggestion, to set aside an order sustaining a motion for new trial, be exercised at all, it can only be exercised at the same term at which the order sustaining the motion for new trial was entered, and cannot be exercised at a subsequent term.

3. **APPEAL AND ERROR: Failure to Appeal During the Term at Which the Order Sustaining Motion for New Trial was Entered, Destroys Right of Appeal.** Where an order is made sustaining plaintiff's motion for new trial, and defendant fails to appeal, but files a motion to set aside the order sustaining plaintiff's motion,

680

the filing of such motion does not preserve any rights which defendant then had, and after the expiration of the term the right to appeal is lost.

4. **NEW TRIAL:** Continuance of Cause to Next Term, after Sustaining Motion for New Trial, Held not to Continue Court's Power to Overrule Motion at Next Term. Where plaintiff's motion for new trial was sustained, but subsequently at the same term defendant filed a motion to set aside the order sustaining plaintiff's motion and then moved to continue the cause until next term, the continuance did not continue the power of the court to set aside its order for a new trial nor to act upon its own motion to the next term, nor did it in any way affect the force of the order already made sustaining plaintiff's motion for a new trial.

Appeal from Douglas County Circuit Court.—*Hon. Fred Stewart,* Judge.

REVERSED AND REMANDED (*with directions*).

*Jos. V. Pitts* for appellant.

*J. S. Clark* for respondent.

COX, P. J.—Action by plaintiff upon certain trade acceptances signed by defendant. Trial by jury and verdict for defendant. Plaintiff then filed a motion for new trial which was sustained by the court but afterward and at a subsequent term of court, the court set aside the order sustaining plaintiff's motion for new trial and entered an order overruling the motion. Plaintiff then appealed.

This case has a peculiar history as to the question of practice. The case was tried at the January Term, 1922, of the Douglas County Circuit Court and a verdict returned for defendant. Within four days, plaintiff filed a motion for new trial and on February 20, 1922, during the same term, the court sustained this motion and entered that fact in the record. On the same day, the defendant filed a motion to set aside the order sustaining plaintiff's motion for new trial. On the same day plaintiff filed an application for a change of venue. On the

same day, the court entered of record an order continuing the cause to the next term. This was all that was done at that term. At the next term, which was the April Term, 1922, and on the 14th day of April, the fifth day of that term, the court entered of record the following order in the cause, omitting caption: "Now on this day this cause coming on to be heard, the court finds for consideration a motion to set aside order granting new trial. Also application for change of venue duly verified and accompanied with the $10 fee. The court finds that it will reverse itself, therefore, it is considered, ordered and decreed by the court that defendant's motion to set aside judgment on plaintiff's motion for new trial be and the same is hereby sustained."

The above order was followed by another order on the same day overruling plaintiff's motion for new trial.

By the history of the case, it will be seen that at the same term at which the verdict was rendered, the plaintiff in proper time filed a motion for new trial which was sustained. The defendant then filed a motion to set aside the order of the court sustaining plaintiff's motion for new trial and the cause was then continued to the next term without any further action by the court. At the next term, the court entered an order sustaining defendant's motion to set aside the order of the court sustaining plaintiff's motion for new trial and then entered another order overruling plaintiff's motion for new trial.

The first question to be determined is whether the court had the power at a subsequent term to set aside an order made at the previous term sustaining a motion for new trial. At common law the court could of its own motion set aside a verdict and grant a new trial at the same term at which the verdict was returned but could not do so after that term expired. That power, except as specifically limited by statute, still remains in the court under the code practice in this State. [Marsala et al. v. Marsala et al., 288 Mo. 501, 232 S. W. 1048; State ex rel. v. Ellison, 256 Mo. 644, 165 S. W. 369;

Edwart v. Peniston, 233 Mo. 695, 136 S. W. 422; Williams v. Railroad, 156 Mo. App. 675, 138 S. W. 44.]

It has been uniformly held in this State that the statute which requires motions for new trial to be filed within four days after the return of the verdict is mandatory and that after the expiration of the four days the motion cannot be amended. It has been held, however, that while a motion for new trial or an amendment thereto filed after four days cannot be considered as preserving any rights to the party filing it nor can the court be compelled to pass upon it, yet the court may in the exercise of its inherent power to set aside a verdict and grant a new trial upon its own motion, consider a motion for new trial or amendment thereto filed out of time as a suggestion to the court, and the court may then, upon its own motion, investigate the matter and if convinced that justice demands a new trial, it may be granted but all this must occur at the same term at which the verdict is returned. [Scott & Colburne v. Joffee, 125 Mo. App. 573, 102 S. W. 1038; Williams v. Railroad, 156 Mo. App. 675, 138 S. W. 44; State ex rel. v. Ellison, 256 Mo. 644; l. c. 665, 165 S. W. 369; Ewart v. Peniston, 233 Mo. 695, 136 S. W. 422.]

The practice of one party filing a motion to set aside an order of court sustaining a motion for new trial filed by the opposite party for the error of the court in sustaining said motion was unknown to the common law and is not provided for by our code of procedure and it cannot preserve any right to the party filing it. It could rise to no higher dignity than a mere suggestion to the court (which could have been as well made *ore tenus* as by written motion) for the purpose of calling the court's attention to the supposed error with a view to induce the court to exercise its power upon its own motion to set aside the order sustaining a motion for new trial. If that power were to be exercised at all, it could only be exercised at the same term at which the order sustaining the motion for new trial was entered and could not be exercised at a subsequent term. When the court made

the order sustaining plaintiff's motion for a new trial, the defendant had the right during that term to appeal from that order. This he did not do but contented himself with filing a motion to set aside the court's order sustaining plaintiff's motion. By taking this course and allowing the term to pass without taking any steps to secure an appeal, he lost his right of appeal. The filing of this motion by defendant to set aside the order of court sustaining plaintiff's motion for new trial did not have the effect to preserve any rights which he then had and the continuance of the cause by the court without any action on defendant's motion and without setting aside the order sustaining plaintiff's motion for new trial did not have the effect to continue the power of the court to act upon its own motion to the next term, nor did it in any way affect the force of the order already made sustaining plaintiff's motion for a new trial, nor did it continue to the next term the right of the court to review its action already taken in sustaining that motion, and hence, what was done at the next term by the court in sustaining defendant's motion and overruling plaintiff's motion was a nullity. [Marsala et al. v. Marsala et al., 288 Mo. 501, 232 S. W. 1038.]

The trial court's action at the April Term, 1922, in setting aside its order made at the previous term sustaining plaintiff's motion for new trial being without authority and a mere nullity, we should be disposed to hold that the order of the court appealed from in this case was not a final judgment from which an appeal would lie but that plaintiff's remedy would be by mandamus to compel the court to ignore that order and proceed with the case as it stood at the former term when the order sustaining plaintiff's motion for new trial was entered of record; but in the Marsala case, supra, which we regard as very similar to this one on the point of practice, the Supreme Court reversed the judgment instead of dismissing the appeal and for that reason we shall follow that practice in this case.

The application for change of venue not having been passed on by the trial court is still pending in that court.

It will not be necessary for us to discuss this case upon its merits but upon a re-trial, the law to be applied in the trial of this case can be found by an examination for the following cases:  Hill v. Dillon, 176 Mo. App. 192, 161 S. W. 881;  Bank of Polk v. Wood, 189 Mo. App. 62, 173 S. W. 1093;  Downs v. Horton, 287 Mo. 414, 230 S. W. 103.

. The judgment will be reversed and the cause re-manded with directions to set aside the order made at the April Term, 1922, overruling plaintiff's motion for new trial and re-instate the order made at the January Term, 1922, sustaining said motion and proceed with the cause.  *Farrington* and *Bradley, JJ.,* concur.