THE STATE OF MISSOURI at the Relation of ROBERT M. ZEPPENFELD, Relator, v. HONORABLE JOHN W. CALHOUN, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.

St. Louis Court of Appeals. Opinion filed September 29, 1925.

1. **EXECUTORS AND ADMINISTRATORS: Attorneys Fees: Administration Expense: Allowance by Probate Court: Appeals: Time for Taking: Motion for New Trial or Rehearing: Not Necessary.** The allowance of attorney's fees for services rendered an estate constitutes an expense of administration and is not a demand under section 181, Revised Statutes 1919, and as sections 282 and 283, make no provision for a motion for rehearing or new trial from an order of allowance for the expense of administration, the probate court's order making an allowance of a fee for the estate's attorney is made subject to appeal at any time within ten days after the term at which such order is made, hence an appeal may be taken during such term or at any time not beyond ten days thereafter and no motion for rehearing or new trial is necessary, section 211 not being applicable.

2. **COURTS: Courts of Appeals: Follow Last Previous Ruling of Supreme Court.** The Courts of Appeals are required to follow the last previous ruling of the Supreme Court.

3. **EXECUTORS AND ADMINISTRATORS: Attorneys Fees: Allowance by Probate Court: Final Judgment at Close of Term: Appeals:**

Motion for Rehearing Does Not Carry Judgment Over to Succeeding Term. An order of the probate court allowing attorney's fees was a judgment which became final at the close of the term at which such order was made and a motion for rehearing did not have the effect to carry the judgment over to a succeeding term of the probate court, and therefore a timely appeal to the circuit court before the motion for rehearing was acted on was properly taken.

*Corpus Juris-Cyc. References; Courts, 15 C. J., p. 920, n. 8. Executors and Administrators, 24 C. J., p. 99, n. 27, New.

## Prohibition. Original Proceeding.

PRELIMINARY RULE DISCHARGED.

*Robert M. Zeppenfeld* for relator.

The only difference between a motion for rehearing required by statute and not required by statute is this: Where required by statute, such motion is a prerequisite step to an appeal; where not required by statute, an appeal will lie without first filing such motion. But in either class the filing and entertaining of such a motion has the effect of keeping the judgment from becoming final until the motion is ruled upon. Kingman & Co. v. Western Mfg. Co., 170 U. S. 675; Cherokee Nation v. Whitmire, 223 U. S., l. c. 111; U. S. v. Ellicott, 223 U. S., l. c. 539; Mahoning Valley Ry. Co. v. O'Hara, 196 Fed. l. c. 947; Chandler v. Gloyd, 217 Mo. 395. Whether mandatory or voluntary, so long as such a motion is being entertained, the court retains jurisdiction and may continue its jurisdiction from term to term. It is not necessary that the practice and jurisdiction in each court be prescribed by statutes applicable only to that court. The probate court is a court of record. Constitution Art. VI, sec. 33; R. S. 1919, secs. 2323, 2541. In the absence of other provision, the practices and procedure of the circuit court apply to the probate court so far as not inconsistent with the limitations of that jurisdiction. It has certain jurisdiction which is not dependent upon statutes referring to what may be done after its judg-

ments become final. As a court of record it must have the power to consider a timely motion for rehearing. Statutes declaring within what time an appeal must be taken all refer to the time from which the judgment begins to run as a final judgment. These statutes as to time for appeal cannot by inference destroy the inherent power of a court to decide upon questions pending before it. The probate court had the power to continue said motion and did continue said motion to the following term. The court still retained jurisdiction over the case. The court had the power to sustain said exceptions and to grant said rehearing or to deny same. Until so doing the judgment was not final and therefore not appealable. State ex rel. v. Bland, 189 Mo. 197.

*Taylor, Mayer & Shifrin,* for respondent.

(1) The allowance of attorney fees constitutes an expense of administration and is not a demand under the provisions of section 181, Revised Statutes 1919. In re Lutz Estate, 175 Mo. App. 427. (2) Not being a demand, section 211 of Revised Statutes 1919, is not applicable, and the only section applicable is sections 282, and 283, Revised Statutes 1919. In re Fitsch Estate, 179 Mo. App. 434; Schills Estate, 231 S. W. 641. (3) No provision is made in the statutes for a motion for rehearing or new trial from an allowance for attorney fees, and the allowance of attorney fees constitutes a final judgment from which an appeal must be taken within ten days after the term in which it is allowed without the necessity of any further motions or pleadings of any kind. Secs. 282 and 283, R. S. 1919. (4) An appeal from the probate court is not for the purpose of correcting any errors made by the probate court, but vests the circuit court with jurisdiction to try the matter *de novo.* R. S. 1919, sec. 289. (5) No provision being made in the statutes for a motion for rehearing or a new trial from an order of the probate court, a motion for rehearing

such as was made by Mrs. Horwitz is merely a suggestion to the court and has not the effect of carrying over to the next term, the matter which the probate court had already passed upon, thereby permitting the probate court to retain jurisdiction thereof beyond the term. Marsala v. Marsala, 288 Mo. 501, 232 S. W. 1048; Liberty Central Trust Co. v. Roy, 245 S. W. 1085; Stocke v. Albert, 8 Mo. App. 578; Casey v. St. Louis & San Francisco Railroad Co., 146 Mo. App. 614, 124 S. W. 562; Scott & Colbern v. Joffee, 125 Mo. App. 573, 102 S. W. 1038; State ex rel. v. Ellison, 256 Mo. 644, 665; Scott v. Smith, 133 Mo. 622, 34 S. W. 865; Freeman on Judgements, par. 90; Rothmann v. Schmucker, 94 Mo. 144. (6) An appeal having been duly allowed by the probate court, said court loses jurisdiction, and the matter properly vests and is lodged in the appellate court or circuit court. Case v. Smith, 257 S. W. 151; State ex rel. v. Sale, 153 Mo. App. 273, decided by Judge CAULFIELD; State ex rel. Tuemler v. Goldstein, 237 S. W. 818; Brown v. Marshall, 241 Mo. 707.

DAUES, P. J.—This is an original proceeding by prohibition, in which it is sought to prohibit the respondent, judge one of the divisions of the circuit court of the city of St. Louis, from proceeding with the trial of an appeal from the probate court of said city taken from an allowance of an attorney fee for services alleged to have been rendered to the estate of Leo Caplan, then in the course of administration in said probate court.

Our preliminary rule having issued, return was duly made by the respondent which is in the nature of a demurrer, and with the certified record of the proceedings below, we have the following facts and issues present:

During the December term, 1923, of the probate court of the city of St. Louis, Missouri, and on the 8th day of January, 1924, an allowance was made relator as attorney fees in the matter of the above-named estate. On the 14th day of the same month and during the same term of the probate court, one of the residuary legatees

filed a motion in the probate court, termed "exceptions to allowance of attorney fees and motion for rehearing on said petition for allowance." In this motion the court was prayed to set aside the allowance thus made and to grant a rehearing of the matter for the reason among others that the allowance was excessive and improper. No action was taken on this motion by the court during the December term, 1923. The complaining legatee, on the 26th day of January, 1924, and within ten days after the adjournment of said court for the December term, filed her affidavit and bond for an appeal to the circuit court from said order of allowance thus made. The appeal was granted as prayed and all papers relating to the proceedings were transmitted to the circuit court. The "motion for rehearing," however, was carried over without any action being taken thereon until the 19th day of April, 1924, when the probate court records show a continuance of the motion to the next June term, 1924, of said court. On July 12, 1924, during the June term, the court dismissed the motion and exceptions for want of prosecution. The appeal to the circuit court had advanced to the trial docket. At that stage, relator moved the court to dismiss the said appeal for the assigned reason that the circuit court had no jurisdiction, since the appeal was taken from the probate court while appellant's motion for rehearing was pending and undisposed of in said court; that the appeal was premature. The circuit court overruled the motion and ordered the trial to proceed, at which juncture our preliminary rule stayed further progress of the case.

The sole question for us to decide is whether the appeal was premature and thus whether the circuit court is without jurisdiction to hear the cause on appeal.

We are inclined to the view of respondent that the allowance of attorney fees constitutes an expense of administration and is not a demand under section 181, Revised Statutes 1919. The case of Crow v. Lutz, 175 Mo. App. 427, 162 S. W. 679, would so indicate. And it is

quite clear that section 211 of our present statutes does not apply in the instant case but that sections 282 and 283, Revised Statutes 1919, are applicable. [See subsection 10 of section 282.]

It appears then that the statute makes no provision for a motion for rehearing or new trial from an order of allowance for the expense of the administration, and the probate court's order making the allowance of the fee for the estate's attorney is made subject to appeal at any time within ten days after the term at which the order is made. Therefore the appeal may be taken during the term or at a time not beyond ten days thereafter, and no motion for rehearing or new trial is necessary. It is respondent's position that since the statute makes no requirement for a motion for rehearing, that then such motion is to be treated as a nullity and cannot serve to carry the matter over the term, and relies chiefly upon the case of Marsala v. Marsala, 288 Mo. 501, 232 S. W. 1048.

In Harkness v. Jarvis, 182 Mo. 231, 81 S. W. 446, our Supreme Court ruled that ''a motion to set aside or vacate a judgment, independent of the statute in respect to motion for new trial and in arrest of judgment and the time of filing same, may be filed by either party any time during the term at which the judgment was rendered.'' That case further rules that a motion to set aside a judgment, filed during the term, is a live, active motion from that time on, and to destroy its force and power there must be some affirmative action of the court upon it. Such motion is considered under advisement and no affirmative action is necessary to carry same from term to term; that such motion, though not a timely motion for new trial, nevertheless such motion suspends the judgment beyond the term at which the judgment was rendered if such motion remains undetermined and is carried over to the succeeding term.

This court has in several instances had occasion to follow the Harkness case. [See Dower v. Conrad, 207

Mo. App. 176, 232 S. W. 174; State ex rel. v. McPike, 243 S. W. 278.] However, we are required to follow the last previous ruling of our Supreme Court. In Marsala v. Marsala, supra, the Supreme Court recently had this question before it again, and while the Harkness case is not expressly overruled, it is impossible for us to reconcile those two cases. In the Marsala case it is decided that the trial court has no inherent power to set aside a judgment after the final adjournment of the term at which the judgment is entered, and where a motion is filed out of time for the filing of a motion for new trial, but is a motion addressed to the court to exercise its inherent power to change its judgment during the term, i. e., treating the motion filed as a mere "suggestion to the court," and where such motion is not acted upon at the term at which the judgment was rendered, then such motion does not suspend the judgment beyond the term, but the judgment becomes final at the end of the term at which same was rendered. That is to say, that since the trial court must exercise its inherent power to change a judgment during the term same is rendered, then a motion addressed to the court (not a motion for new trial duly filed) in which the court is asked to exercise its inherent power to change its judgment during the term, neither suspends such judgment nor carries over any such right to change the judgment to a succeeding term. So, regardless of the Harkness case and our former decisions bottomed upon the principle therein announced, we must take the law as we now find it and decide that the order of allowance by the probate court was a judgment which became final at the close of the term. The written suggestions of the legatee, the "motion for rehearing," did not have the effect to carry the judgment over to a succeeding term of the probate court, and therefore the appeal to the circuit court was properly taken.

The Springfield Court of Appeals, in Liberty Central Trust Co. v. Roy, 245 S. W. 1085, has considered the same general question since the Marsala case has been

reported, and that court gave the Harkness case the interpretation we have here given it. We are asked to consider, too, that the appeal having been allowed by the court, said court lost further jurisdiction. True, the probate court allowed the appeal, approved the bond, and transmitted the files to the circuit court, and it may in a practical sense be presumed that the probate court overruled the suggestions for a rehearing by the legatee; however, that is not a deciding factor in the case.

Therefore it appears that the appeal to the circuit court was duly taken, and accordingly the circuit court has jurisdiction to try the cause, and our preliminary rule in prohibition should be discharged. It is so ordered. *Nipper, J.,* concurs; *Becker, J.,* dissents.