STATE EX REL. STATE HIGHWAY COMMISSION, APPELLANT, v. J. M. CARROLL ET AL., RESPONDENTS.—44 S. W. (2d) 1105.

Kansas City Court of Appeals. January 11, 1932.

*F. F. Wesner, W. E. Owen, John W. Mather* and *B. F. Boyer* for appellant.

*Henry P. Lay* for respondents.

ARNOLD, J.—This appeal, on jurisdictional grounds, comes to us by transfer from the Supreme Court. It is an action instituted by the State Highway Commission to condemn for highway purposes certain lands owned by respondents in Henry county, Missouri.

The record discloses, pursuant to petition filed July 9, 1925, commissioners were appointed by the circuit court. No damages being allowed by them, the defendants duly filed their exceptions to the commissioner's report. Subsequently, on May 14, 1926, a trial to the court and jury was had thereon. The jury returned a verdict denying damages to defendants. A motion for new trial was filed on May 15, 1926, which was sustained.

It appears, from an examination of plats attached to appellant's abstract of record, the farm of defendant Carroll contains approximately 220 acres. A total of 7.04 acres was contemplated to be taken therefrom for the right of way. Defendant Burch's farm con-

sisted of approximately 252 acres, of which 3.72 acres was attempted to be condemned. In the proceeding defendant Carroll claimed damages in the sum of $2,552; defendant Burch the amount of $900.

We have not been favored with a brief by respondents. However, among the papers transferred to us by the Supreme Court is found a motion, filed on their behalf, to dismiss the appeal. Said motion, omitting caption, reads as follows:

"Come now the above named respondents and respectfully move that plaintiff's appeal herein be dismissed for the following reasons:

"(1) Because the trial court sustained the motion for new trial filed and presented by these respondents at its May term, 1927, and plaintiff's affidavit for appeal was not filed until the September term, 1927, of said court.

"(2) Because, under the statutes the plaintiff had no right of appeal from an order overruling a motion to set aside an order granting a new trial."

Since such motion to dismiss is before us for determination, we have carefully examined the record herein. Chronologically stated, it shows defendants' motion for new trial was filed within four days after the verdict rendered therein. It was not passed upon until May 2, 1927, during the May, 1927, term of said court, at which time it was sustained. On May 5, 1927, the plaintiff Highway Commission filed a motion to set aside the order granting a new trial. On September 12, 1927, at the September term following, this motion was overruled. Plaintiff then filed an affidavit for appeal, which was allowed to the Supreme Court. That court ruled it was without jurisdiction, for the reasons "the amount in dispute was not sufficient to confer jurisdiction," and that "title to real estate was not in issue or a subject of controversy."

From the foregoing it appears, within the proper time after verdict, defendants filed their motion for new trial, which was sustained. Plaintiff then filed its motion to set aside the order of the court sustaining defendants' motion for new trial. No further action was taken by the court, until the next term,. at which time plaintiff's motion was overruled, and the appeal allowed. We are of the opinion, therefore, the motion filed to dismiss the appeal should be sustained, hence it will not be necessary to discuss the errors urged or the case upon its merits.

At common law, the action of a party to a cause filing a motion to set aside an order of court sustaining a motion for new trial, was unknown. No statute, in our Code of Procedure, is found authorizing such action. No right can therefore be preserved to the party filing it. It merely amounts in substance to a suggestion to the court, calling attention to alleged errors, in an attempt to induce the court to exercise its inherent power at term time, to set aside the order sus-

taining the motion for new trial. Such power, if exercised, must be at the same term at which the order was entered. It cannot be exercised at a subsequent term, for unlike motions for a new trial filed under statutory authority, it does not carry forward jurisdiction to act in the premises asserted.

Only during the term at which the court made the order sustaining defendants' motion for new trial had the defendants the right to appeal. This was not done, the motion aforesaid merely being filed. By taking this course and allowing the May term to pass without filing its affidavit for and securing the allowance of an appeal, such right was lost. The filing of said motion to set aside the court's order for new trial could not preserve to plaintiff any right of appeal. The continuance of the cause by the court to the next term, without any action thereon, and without setting aside the order for new trial, did not continue the jurisdiction of the court to permit a review of its action in sustaining defendants' motion for new trial. What was done relative thereto, at the next term, had no legal effect upon the order, which by the lapse of the term when made, had become final. [Marsala et al. v. Marsala et al., 288 Mo. 501, 232 S. W. 1048; Liberty Central Trust Co. v. Roy, 212 Mo. App. 680, 245 S. W. 1085; State ex rel. Conant v. Trimble et al., 311 Mo. 128, 277 S. W. 916.]

Appellant directs our attention to the cases of Chandler v. Gloyd, 217 Mo. 394, 116 S. W. 1073, decided by Division No. 2 of the Supreme Court, and Kamoss v. Ry. Co., by this court, wherein the ruling in the Chandler case is followed, as authority for its action here and the maintenance of the appeal. Unfortunately for plaintiff's position, these cases, although not specifically overruled by name, no longer declare the law of this State. The principles there announced, recognizing that the filing of motions, other than motions for new trial, would carry over the term the right and power of the court to act upon its orders and judgment at a subsequent term, as well as in the cases of Harkness v. Jarvis, 182 Mo. 231, 81 S. W. 446; Childs v. Railroad Co., 117 Mo. 414, 23 S. W. 373; Dower v. Conrad, 207 Mo. App. 176, 232 S. W. 174, are repudiated by the Supreme Court en banc, in State ex rel. Conant v. Trimble, supra, and may no longer be followed. We have no discretion, therefore, but must sustain the respondent's motion to dismiss the appeal. It is so ordered. All concur.